UNION INDEMNITY COMPANY, *Plaintiff in Error,* v. STATE OF FLORIDA, for the use of Haigler and Hawkins, *Defendant in Error.*

Division B.

Opinion filed March 26, 1930.

*Robert H. Anderson* and *John H. Summerlin,* for Plaintiff in Error;

*Thomas B. Dowda,* for Defendant in Error.

BUFORD, J.—In this case Union Indemnity Company executed a surety bond such as is contemplated and required under provisions of Sec. 6397, Comp. Gen. Laws 1927, on behalf of N. C. Cash, who was the contractor with the State Road Department for the construction of certain road work between the town of Interlachen, in Putnam county, and the Alachua county line.

During the progress of the work it became needful and expedient in the interest of efficiency and convenience for the contractor to provide means to feed and take care of his laborers, and to do this the contractor established a camp in which he boarded his laborers, aggregating from 50 to 70 in number.

It was alleged in the declaration in effect that the work under the contract and bond was done largely in a sparsely

settled community or section where there were no hotels or boarding houses for the accommodation of the laborers and that it was necessary and that Cash was compelled to, and did, furnish board for his laborers under an agreement whereby the cost of supplying each laborer such board was deducted from his wages. It was further alleged that the groceries for the boarding of such laborers by Cash were furnished to Cash by the plaintiffs for such purpose and that such groceries were used by Cash in boarding his laborers and were supplied by the plaintiffs to Cash in the prosecution of the work provided for in the contract and in the bond upon which this suit was brought. That such groceries were furnished to the amount and value of Seven Hundred, Thirty-one and seventy-one/100 ($731.71) Dollars and that neither Cash nor the defendant had paid the same, or any part thereof, though both had been requested so to do.

There is no denial that the groceries were furnished in the manner and for the purpose alleged. The suit was defended on the theory that the sureties on the bond were not liable for the value of the groceries furnished the contractor for the purposes alleged in the declaration.

The allegations of the declaration were amply sustained by proof on trial.

The provisions of Sec. 5397, Comp. Gen. Laws 1927, 3533 Rev. Gen. Stats., originally being Section 1 of Chapter 6867, Acts of 1915, appears to have been adopted from the Act of Congress of August 3, 1894, as amended February 24, 1905, and as later amended March 3, 1911. The original Congressional Act was couched in practically the same language as is Section 5397, Comp. Gen. Laws, except of course, that in the State statute the State of Florida and the political sub-divisions of the State are referred to, while in the Federal statute the United States is referred

to. It will be observed that in the Federal statute the contractor was bound to pay all persons supplying him, or them, "labor and materials" in the prosecution of the work provided for in the contract, while our statute requires the contractor to promptly make payments to all persons supplying him or them "labor, material and *supplies*" (italics ours). The Federal statute refers to labor and materials used in the prosecution of the work while the State statute refers to labor, material and supplies used directly or indirectly by the contractor, sub-contractor, etc., in the prosecution of the work. Therefore, it is clear that the statute under which the bond was given which forms the basis of this suit contemplated the protection of persons furnishing supplies. to the contractor under conditions obtaining in the instant case.

There are numerous cases which sustain this holding, but it is not necessary for us to go further than a decision of the United States Supreme Court construing the Federal statute hereinbefore referred to.

In the case of Brogan v. National Surety Company, 62 Law. Ed. 257, Mr. Justice BRANDEIS, delivering the opinion of the Court where the facts involved were in accord with the facts in this case, said:

"The circuit court of appeals deemed immaterial the special circumstances under which the supplies were furnished and the findings of fact by the trial court that they were necessary to and wholly consumed in the prosecution of the work provided for in the contract and bond. In our opinion these facts are not only material but decisive. They establish the conditions essential to liability on the bond. The bare fact that the supplies were furnished to the contractor and were consumed by workmen in its employ would have been immaterial. A boarding house might be con-

ducted by the contractor (like some company stores, concerning which states have legislated—Keokee Consolidated Coke Co. v. Taylor, 234 U. S. 224, 58 L. Ed. 1288, 34 Sup. Ct. R. 856) as an independent enterprise, undertaken solely in order to utilize the opportunity for separate and additional profit afforded by the congregation of many laborers in the particular locality where the public work is being performed. The laborers might resort to such a boarding house in the exercise of individual choice in the selection of an eating place. Under such circumstances the furnishing of supplies would clearly be a matter independent of the work provided for in the (263) contract, and would not entitle him who had furnished the groceries used in the boarding house to recover on the bond. But here, according to the undisputed facts, and the findings of the trial court, the furnishing of board by the contractor was an integral part of the work and necessarily involved in it. Like the supplying of coal to operate engines on the dredges, it was indispensable to the prosecution of the work, and it was used exclusively in the performance of the work. Groceries furnished to a contractor under such circumstances and consumed by the laborers are materials supplied and used in the prosecution of the public work.''

It is true that the opinion in the above stated case was written after the adoption of our statute, but as the application of the statute in a case of this character has not heretofore been determined by this Court, we know of no higher authority to look to as a guide for its proper application.

Especially are we impressed with the necessity of reaching this conclusion when we consider that the Federal statute did not include the words ''and supplies used directly or indirectly in the prosecution of the work,'' while the

statute here under consideraiton contains that language. See also Hansen v. Remer, 160 Minn. 453, 200 N. W. R. 839; McPhee v. United States, for the use of Montrose Hardware Company, 64 Colo. 421, 174 Pac. R. 808; and Bricker v. Rollins et al., 178 Cal. 347, 173 Pac. R. 592.

For the reasons stated the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., concurs in the opinion and judgment.

ELLIS AND BROWN, J. J., dissent.