153 So.2d 722 (1963)
AUTO OWNERS INSURANCE COMPANY, a corporation, Appellant,
v.
HILLSBOROUGH COUNTY AVIATION AUTHORITY, a Public Authority for the Use and Benefit of GENERAL ELECTRIC SUPPLY COMPANY, a New York Corporation, and Robert M. Snyder, d/b/a Clearwater Construction Company, Appellees.
No. 31810.
Supreme Court of Florida.
April 19, 1963.
Rehearing Denied June 11, 1963.
*723 Thomas C. MacDonald, Jr., and Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellant.
Maynard Ramsey, of Bucklew, Ramsey & Stichter, Tampa, for Hillsborough County Aviation Authority, a Public Authority for the use and benefit of General Electric Supply Company, a division of General Electric Company, a New York Corporation.
William P. O'Malley, of Cooper, Rives & Baskin, Clearwater, for Robert M. Snyder, d/b/a Clearwater Construction Company.
THORNAL, Justice.
By direct appeal we have for review a summary judgment against a contractor and his surety on a public contractor's bond.
The principal question in issue is the constitutionality of Chapter 59-491, Laws of Florida, 1959.
On or about September 1, 1959, and October 7, 1959, appellee Snyder entered into two written contracts with Hillsborough County Aviation Authority. The contractor agreed to furnish labor, materials, supplies, and equipment for the construction of an improvement at Tampa International Airport.
The contractor Snyder likewise executed two performance bonds conditioned upon the prompt payment of all persons supplying the contractor with labor, material and supplies used directly or indirectly by the said contractor or any subcontractor in the prosecution of the work required by the contracts. Appellee General Electric Company supplied certain materials to a subcontractor who defaulted. The last materials were furnished in December 1959. On June 7, 1961, the Hillsborough County Aviation Authority for the use of General Electric filed suit to recover the value of the supplies theretofore furnished to the subcontractor. The suit was against the contractor Snyder and Auto Owners Insurance Company, the surety on his performance bonds. On November 29, 1961, General Electric sought to amend its complaint in order to base its claim on both of the bonds. The motion to amend was met by the contention of the defendants that suit was barred by a one-year statute of limitations prescribed by Chapter 59-491, Laws of Florida, 1959. The trial judge allowed the amendment and by his order specifically held the statute unconstitutional. A summary judgment in favor of the use plaintiff followed. The cause reaches us by a notice of appeal directed to the summary judgment.
We comment briefly on the matter of our jurisdiction. While the summary judgment *724 is styled a "partial summary judgment" it obviously disposed of the cause in a manner which evidenced a completion of the judicial labor. We have, therefore, treated it as a summary final judgment.
Appellee Snyder raises a jurisdictional question to the effect that inasmuch as the summary judgment itself did not contain a finding regarding the invalidity of the statute, this appeal should be heard by the District Court, instead of the Supreme Court. The contention overlooks the fact that by the interlocutory order the trial judge explicitly held the statute to be unconstitutional. This interlocutory order is a part of the record for review on appeal and becomes an aspect of our appellate consideration of the final judgment and the interlocutory orders which produced it. Rule 4.2, Florida Appellate Rules, 31 F.S.A. The appeal from the final judgment brings up for review all interlocutory orders entered as a necessary step in the proceeding. Huie v. State, Fla., 92 So.2d 264. To this extent the order of the trial judge on the invalidity of the statute was final in the sense that it would be subject to review here as an aspect of the final adjudication of the cause. Cf. Davis et al. v. State, Fla., 146 So.2d 892.
Appellee Snyder, in effect, assumes the role of an appellant because his interests are in common with those of the appellant Auto Owners Insurance Company which instituted the appeal to this Court. Snyder suggests that the use plaintiff was estopped to assert the unconstitutionality of Chapter 59-491, supra, which was enacted as an amendment to Section 255.05, Florida Statutes, F.S.A. He grounds his position on the fact that the use plaintiff relied on the original portion of Section 255.05, supra, in bringing the action. The record reveals that Snyder himself had asserted, at an earlier hearing, the unconstitutionality of the entire statute because of the invalidity of Chapter 59-491, supra. There is no estoppel. The reason is that the use plaintiff relied on a portion of the statute which it had not attacked. The provisions which were later assaulted were contained in the amendment to the statute and were never employed by the use plaintiff as the basis of its complaint.
We reach the essential question. Is Chapter 59-491, supra, constitutional?
The first unnumbered paragraph of Section 255.05, Florida Statutes, requires a contractor who agrees to construct or repair a public building to file a performance bond which, among other things, shall include an obligation "that such contractor shall promptly make payments to all persons supplying him labor, material and supplies, used directly or indirectly by the said contractor, or subcontractors, in the prosecution of the work provided for in said contract; * * *." Chapter 59-491, Laws of Florida, 1959, purports to be an amendment to the above summarized portion of Section 255.05, supra. For clarity of understanding the assault on the constitutionality of Chapter 59-491, supra, we publish it in full. Omitting the title and enacting clause, the statute reads as follows:
"Section 1. Section 255.05, Florida Statutes, is amended by adding an unnumbered paragraph to read:
"255.05 Bond of contractor constructing public buildings; suit by materialman, etc. 
"Any person supplying labor, material or supplies used directly or indirectly in the prosecution of the work to any subcontractor and who has not received payment therefor, shall, within ninety (90) days after performance of the labor or after complete delivery of materials and supplies, deliver to the contractor written notice of the performance of such labor or delivery of such materials and supplies and the non-payment therefor, and no action or suit for such labor or for such materials and supplies may be instituted or prosecuted against the contractor unless such notice has been given. No action *725 or suit shall be instituted or prosecuted against the contractor or against the surety on the bond required in this section after one (1) year from the performance of the labor or completion of delivery of the materials and supplies."
In defending against the cause of action alleged in the complaint, Snyder and Auto Owners Insurance pointed to the one-year limitation provided for in the above-quoted statute. It will be recalled that the last materials were furnished in December 1959. The complaint was filed originally on June 7, 1961, and amended November 29, 1961. If Chapter 59-491, supra, is valid, the claim would be barred by the one-year period of limitation. To avoid the impact of the statute the use plaintiff assaulted its constitutionality.
The principal ground of attack is the contention that the statute violates Article III, Section 16, Florida Constitution, F.S.A. which reads as follows:
"Section 16. Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title, and no law shall be amended or revised (by reference) to its title only; but in such case the act as revised or section, or subsection of a section, or paragraph of a subsection of a section, as amended, shall be reenacted and published at length." (Emphasis added.)
The use plaintiff contends that Chapter 59-491, supra, purports to amend Section 255.05, Florida Statutes, but fails to reenact or publish at length the section of the statute which is being amended. The trial judge held this view.
An examination of Chapter 59-491, supra, suggests to us that it was a legislative effort to amend the then existing statute. It is expressly so stated in the body of the act. It is a purported amendment to a specifically designated section of the Florida Statutes. We are not here concerned with any problem of amendment or repeal by implication. We have held that the subject constitutional provision does not apply to amendments or repeals of statutes by implication. It applies only to laws which purport in terms to revise, alter, or amend some particular prior statute or section thereof. City of St. Petersburg v. English, 54 Fla. 585, 45 So. 483.
We have also held that the constitutional provision was designed to inform both the legislature and the public of the nature and extent of proposed changes in existing laws. For this reason it is required that when a specific section or subsection is being amended it should be republished with the proposed amendment so that an examination of the act itself will reflect the changes contemplated, as well as their impact on the amended statute.
We have recently had occasion to construe Article III, Section 16, in Lipe v. City of Miami et al., Fla., 141 So.2d 738. We there announced a rule to be employed as a guide in measuring statutes by the applicable constitutional provision. If the statutory enactment is complete and intelligible in itself, without the necessity of referring to the books to relate it to the amended statute in order to ascertain the meaning of the Amendment, then Article III, Section 16, supra, is satisfied. On the other hand, if the amendatory enactment is not a complete, coherent and intelligible act, or if it necessitates separate research and analysis of the statute which is being amended, it does not meet the requirements of Article III, Section 16, supra.
In order to ascertain the full impact of Chapter 59-491, supra, which purports to add an unnumbered paragraph to Section 255.05, supra, it would be necessary to refer to the existing statute which was not republished in the amendatory act. When the two are read together it is clear that Chapter 59-491, supra, announced specific requirements regarding claims for supplies furnished to subcontractors. It also added *726 the one-year limitation. A reading of Chapter 59-491, supra, in isolation, will reveal that it could not be considered a separate, complete and intelligible statute without the necessity of a separate analysis of the existing statute which it purports to amend. Lipe v. City of Miami, supra.
The trial judge ruled correctly in holding Chapter 59-491, supra, unconstitutional. No other defense to the summary judgment is asserted by the appeal.
The judgment is affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS, DREW, O'CONNELL and CALDWELL, JJ., concur.