167 So.2d 339 (1964)
CITY OF FORT LAUDERDALE, a duly organized municipal corporation existing under the laws of the State of Florida, ex rel. BOND PLUMBING SUPPLY, INC., a Florida corporation, Appellant,
v.
HARDRIVES COMPANY a Florida Corporation and Continental Casualty Company, a corporation, Appellees.
No. 4362.
District Court of Appeal of Florida. Second District.
September 18, 1964.
*340 Donald Lunny, of Sutton, James & Singer, Fort Lauderdale, for appellant.
Kenneth Stevens, of Dale & Stevens, Fort Lauderdale, for appellees.
ANDREWS, Judge.
This is an appeal from a judgment holding that a materialman supplying materials to a sub-subcontractor is not entitled to recover under the contractor's bond on a public works project.
The City of Fort Lauderdale entered into a contract for certain municipal improvements with Hardrives Company, a Florida corporation. Hardrives supplied a bond executed by Continental Casualty Company as surety under the provisions of § 255.05, F.S.A. The bond provided, as required by statute, that it would indemnify the City for any claim from any persons supplying materials used in the prosecution of the work provided for in said contract.
Hardrives entered into a contract with Maxson Drilling, Inc. whereby Maxson was to install the irrigation system called for in the specifications. Maxson, in turn, entered into a contract with Rolla Jaecks doing business as Brocklebrank Sprinkler Systems. The appellant, Bond Plumbing Supply, Inc., supplied pipe to Rolla Jaecks for the project, for which it was not paid the sum of $11,335.39. Therefore, the appellant was a materialman to a sub-subcontractor.
Notice of delivery of such materials and the fact that payment therefor had not been received was furnished the general contractor, Hardrives, in accordance with the provisions of the applicable statute. In further compliance with the provisions of the statute, suit was brought within one year.
The defendants Hardrives and Continental Casualty Company filed affirmative defenses claiming that § 255.05, F.S.A. provides for a bond to be posted guaranteeing payment due by the contractor and sub-contractors and materialmen supplying labor or materials, directly or indirectly, to said contractor or subcontractors, but that such bond does not provide coverage for sub-subcontractors or materialmen supplying materials to sub-subcontractors.
The court below, relying on Federal decisions construing the Miller Act, 40 U.S.C. § 270a et seq. (1935), held that sub-subcontractors and materialmen supplying said sub-subcontractors were not covered under § 255.05, F.S.A.
The question for determination is: Is the contractor liable and does a bond for the protection of the public body cover the liability under such circumstances?
§ 255.05, F.S.A., was patterned after the federal Miller Act and has for its purpose the protection of materialmen, laborers and the like, whose labor and materials are put into public works projects, upon which they can acquire no lien, by substituting a penal bond for the lien allowed by other statutes on private construction projects. Winchester v. State, Fla. App. 1961, 134 So.2d 826; Fulghum v. State, 1926, 92 Fla. 662, 109 So. 644; J.B. McCrary v. Dade County, 1920, 80 Fla. 652, 86 So. 612. It is remedial in nature and is entitled to a liberal construction to effect its intended purpose, Johnson Electric Company, Inc. v. Columbia Casualty Co., 1931, 101 Fla. 186, 133 So. 850, 77 A.L.R. 1; 43 Am.Jur. Public Works and Contracts, § 139 (1956), but such a salutory policy does not justify ignoring plain words and imposing unlimited liability on payment bonds.
*341 A careful analysis of § 255.05 discloses that the bond shall cover the obligations of the contractor to promptly "make payments to all persons supplying him labor, material and supplies, used directly or indirectly by the said contractor or subcontractors" in the prosecution of the work. It stops there, and does not provide for payments to any others.
The word "indirectly" in the subject statute means materials that are supplied to a contractor or to sub-contractors which are consumed in performing the work, Union Indemnity Co. v. State, 1930, 99 Fla. 656, 127 So. 307, and not to mean materials supplied to a sub-subcontractor.
The appellant claims that since the word "subcontractor" is not defined in Chapter 255, we are compelled to look to the definition of that term as used in the Florida Mechanics' Lien Law, § 84.01, Troup Brothers, Inc. v. State, Fla.App. 1961, 135 So.2d 755, and that by using that definition a materialman to a sub-subcontractor is covered under § 255.05, F.S.A.
It is true that in cases of ambiguity or in construction of similar provisions of related statutes that the interpretation of the Mechanics' Lien Law, Chapter 84, would be used in construing the provisions of § 255.05. However, Chapter 84 specifically defines sub-subcontractors and materialmen supplying to said sub-subcontractors and provides for their rights. On the contrary, the public works bonding statute does not define or cover, directly or indirectly, or by implication such classes of claimants.
Although the provisions of the Miller Act and § 255.05, F.S.A., are different in a number of respects, the principles underlying both are the same. The United States Supreme Court, in the case of Clifford F. MacEvoy Co. v. United States, 1944, 322 U.S. 102, 110, 64 S.Ct. 890, 895, 88 L.Ed. 1163, 1169, in construing the coverage of the Miller Act, said:
"* * * Congress cannot be presumed, in the absence of express statutory language, to have intended to impose liability on the payment bond in situations where it is difficult or impossible for the prime contractor to protect himself. * * * To impose unlimited liability under the payment bond to those sub-materialmen and laborers is to create a precarious and perilous risk on the prime contractor and his surety. To sanction such a risk requires clear language in the statute and in the bond so as to leave no alternative."
This doctrine has been followed in numerous other federal cases. See: Annot., 79 A.L.R.2d 855 (1961).
The Third District Court of Florida in an able opinion by Judge Horton has reached the same conclusion in the case of Board of Public Instruction, Broward County, Florida v. Rood Construction Company, opinion filed July 7, 1964, 166 So.2d 701.
This reasoning is applicable to the instant case. To allow a sub-subcontractor or a materialman of a sub-subcontractor, as well as others in such remote relationships, to recover on a penal bond would extend materially by implication the surety's liability, and would be contrary to the clear language of the public works bonding statute and the expressed intent of the Legislature. It is for the Legislature rather than the courts to extend the bond coverage required beyond the limits stated in statute.
Affirmed.
SMITH, C.J., and WILLIAMS, VOLIE A., Jr., Associate Judge, concur.