CALDWELL, Justice.
In his final decree the chancellor directly passed upon the validity of a state statute giving this Court jurisdiction of the cause on appeal.
The appellant District was the plaintiff below in a suit for injunctive relief against Okeelanta Sugar Refinery, Inc., appellee. The District sought to halt dragline operations and prevent construction of dikes, levees or canals by Okeelanta on its lands, located within the flood plain of the St. Johns River.
The District in its complaint asserted this right of control over the area in question pursuant to Chapter 30542, Laws of Florida, 1955, and Chapter 59-946, Laws of Florida, 1959. The earlier act contained a provision, Section 4, for expiration in June, 1959, unless re-enacted prior to that time. Chapter 59-946, effective in June 1959, simply stated that Section 4 of Chapter 30542 is amended to read: “The provisions of this act shall be in full force and effect until terminated by law.” By motion for summary decree the defendant Okeelanta controverted the validity of the amendatory act.
The chancellor held:
“There is no question but that the 1959 Legislature had the right to amend the 1955 Act. The method employed, however, in amending sub-section 4 of said Chapter violated Article 3, Section 16, of the Florida Constitution, inasmuch as the existing subsection 4 of the 1955 Act was not republished as required by the Constitution.
“ * * * The Court is further of the opinion that a Final Summary Decree should be entered in favor of the Defendant corporation inasmuch as said Chapter 30542, Laws of Florida, 1955, has expired and is not now in full force and effect, and for the further reason that Chapter 59-946 of the 1959 Florida Legislature did not re *538 enact the said Chapter 30S42 and that the said attempted amendment is ineffectual and the said Chapter is unconstitutional.”
We agree with the decision of the chancellor. It is our opinion that Chapter 59-946 is not a complete, coherent and intelligible act, but necessitates separate research and analysis of the statute it pui-ports to amend and consequently violates Art. Ill, Section 16, of the Florida Constitution, F.S.A. See Lipe v. Miami (1962 Fla.), 141 So.2d 738, and Auto Owners Ins. Co. v. Hillsborough County Aviation Authority (1963 Fla.), 153 So.2d 722. The decision sought to be reveiwed is affirmed.
It is so ordered.
DREW, C. J., and ROBERTS, THOR-NAL, ERVIN and HOBSON (Ret.), JJ., concur.