175 So.2d 88 (1965)
MASSACHUSETTS BONDING & INSURANCE COMPANY, a corporation, Appellant,
v.
Farris BRYANT, as Governor of the State of Florida, for the Use and Benefit of AMERICAN OIL COMPANY, a corporation, Appellee.
No. G-1.
District Court of Appeal of Florida. First District.
May 4, 1965.
Rehearing Denied June 3, 1965.
*89 Marion R. Shepard, of Mathews, Osborne & Ehrlich, Jacksonville, for appellant.
Yardley Drake Buckman, of McCarthy, Adams & Foote, Jacksonville, for appellee.
STURGIS, Chief Judge.
Massachusetts Bonding & Insurance Company, defendant below, appeals from a summary judgment in favor of the use plaintiff, American Oil Company, entered in its suit on a performance bond of the defendant-surety to recover the unpaid balance due by the contractor-principal on account of asphalt sold and delivered by the use plaintiff to the contractor and used in the performance of its road construction contract with the Florida State Road Department.
Defendant's answer denied the material allegations of the complaint and affirmatively pleaded Section 255.05(2), Florida Statutes 1961, F.S.A., in bar of the action. The facts were stipulated, as follows:
(1) The suit was filed on July 2, 1962.
(2) The use plaintiff completed delivery to Hall Construction Company on June 20, 1961, of all materials referred to in the complaint.
(3) There is owing to plaintiff $22,794.60 from Hall Construction Company for said materials.
(4) That if the use plaintiff's action is controlled by F.S. § 255.05, F.S.A., then said action is barred and the use plaintiff is not entitled to recover.
(5) That if plaintiff's action is controlled by F.S. § 337.18, F.S.A., then the use plaintiff is entitled to recover.
(6) That this stipulation is in lieu of answers to interrogatories and will control as between the facts contained in a certain affidavit filed by plaintiff.
Both parties moved for summary judgment and the court entered summary final judgment for the use plaintiff. The judgment recites, inter alia, "that the use-plaintiff's cause of action is controlled by Section 337.18, Florida Statutes [F.S.A.], and not Section 255.05, Florida Statutes [F.S.A.], and, hence, is not barred."
The sole point for determination is whether the use plaintiff was required to bring suit on the bond within one year, else *90 stand barred by the provisions of paragraph (2) of Section 255.05, Florida Statutes 1961, F.S.A.[1]
Paragraph (2) of F.S. § 255.05, F.S.A., is adapted from ch. 59-491, Laws of Florida, Acts of 1959, which purported to amend F.S. § 255.05 F.S.A. (then in substantially the form of present paragraph (1) thereof as enacted by ch. 6867, Laws of Florida, Acts of 1915) by adding said paragraph (2) as it has appeared in the Florida Statutes of 1961 and 1963. The proposed amendment was obviously patterned after the Miller Act, 49 Stat. 793, 40 U.S.C.A. § 270a, with the intent of placing laborers, mechanics, and materialmen serving public contracts in a position of protection somewhat analogous to that afforded such persons in the performance of private contracts. The latter, under our Mechanic's Lien Law, have a lien enforceable against the property involved, but no such lien is afforded against public property and the bond required by F.S. § 255.05, F.S.A., with respect to public contracts stands parenthetically in the stead of the statutory lien afforded with respect to private contracts. It is seen that controverted paragraph (2) of F.S. § 255.05, F.S.A., if operative, would place the limitation of time in which to commence an action upon the bond  "one year from the performance of the labor or completion of delivery of the materials and supplies"  on a parity with the limitation of time under the Mechanic's Lien Law in which to commence an action on the lien afforded thereby.
While not dispositive of this appeal, it is interesting to note that in Troup Brothers, Inc. v. State, 135 So.2d 755 (Fla.App. 1961), the Second District Court of Appeal, when passing on the question of whether the plaintiff was a materialman of a subcontractor, or a materialman of a materialman, held that the public works construction *91 bond there involved was given under both Sections 255.05 and 337.18, Florida Statutes, F.S.A., and in discussing the problem, said:
"In the instant case we are controlled by Chap. 255, F.S.A., but have referred to Chap. 84, F.S.A., for a definition of `materialman.' Therefore, the following language of the Supreme Court in Goldstein, supra [Goldstein v. Acme Concrete Corp., 103 So.2d 202], appearing at p. 204 of 103 So.2d is noteworthy:
"`The mechanics' lien statutes are, of course, not decisive of this question by any means, but in both the mechanics' lien statutes (F.S. ch. 84, F.S.A.) and the Workmen's Compensation Act (Ch. 440) the lawmakers use similar phrasing in dealing with construction projects. We may assume that in both chapters they intended certain exact words or exact phrases to mean the same thing. In a broad sense the chapters are in pari materia and should, to the extent that an understanding of one may aid in the interpretation of the other, be read and considered together.'
"In the instant case, the pari materia relationship is much closer for § 255.05, F.S.A., provides for the enforcement of liens in work performed for the sovereign of the same type that Chap. 84, F.S.A., provides for enforcement of against private persons. Since § 255.05, F.S.A., contains no definition of `materialman' we deem controlling the one contained in § 84.01, F.S.A."
We find nothing in the first paragraph of F.S. § 255.05, F.S.A., to suggest that the State Road Department is excepted from its operation, and Section 337.18, Florida Statutes, F.S.A., does not conflict therewith or raise any question of repeal or partial repeal thereof by implication.
The trial court, in holding "that the use-plaintiff's cause of action is controlled by Section 337.18, Florida Statutes [F.S.A.], and not Section 255.05, Florida Statutes [F.S.A.], and hence, is not barred," adopted an erroneous basis for entering the judgment appealed. However, the trial court's conclusion is proper because ch. 59-491, Laws of Florida, Acts of 1959 (purporting to amend Section 255.05, Florida Statutes, F.S.A., by adding the second paragraph as it appears in Florida Statutes, 1961 and 1963) has been struck down as unconstitutional (Auto Owners Ins. Co. v. Hillsborough County Aviation Authority, 153 So.2d 722 [Fla. 1963]), with the result that the twenty-year statute of limitation (Section 95.11(1), Florida Statutes, F.S.A.) is applicable to this suit upon a written contract under seal. It is well established that the judgments and decrees of trial courts should not be reversed where the conclusion is correct though founded on an erroneous reason. Tri-County Produce Distributors, Inc. v. Northeast Production Credit Ass'n, 160 So.2d 46 (Fla.App. 1963).
We are not unmindful that by paragraphs 4 and 5 of the stipulation filed in the trial court the parties undertook to reduce the issues to the proposition (a) that if the use plaintiff's action was controlled by F.S. § 255.05, F.S.A., it is barred and plaintiff would not be entitled to recover, while (b) if controlled by F.S. § 337.18, F.S.A., the use plaintiff would be entitled to recover. These stipulations are not binding on the court because to give effect thereto would require the critical issue of accountability to be settled upon the false premise that the period of limitation in which to commence the action was governed by one of said sections of the statutes, the determination of which is exclusively a question of law and therefore not subject to control by stipulation of the parties.
In Auto Owners Ins. Co. v. Hillsborough County Aviation Authority, supra, the Florida *92 Supreme Court in an opinion by Thornal J., affirmed a summary judgment that was entered by the trial court consequent upon its holding that ch. 59-491, supra, purporting to amend Section 255.05, Florida Statutes, F.S.A., was unconstitutional because in violation of Article III, Sec. 16, Florida Constitution, F.S.A., providing:
"Section 16. Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title, and no law shall be amended or revised (by reference) to its title only; but in such case the act as revised or section, or subsection of a section, or paragraph of a subsection of a section, as amended, shall be reenacted and published at length."
The infirmity of ch. 59-491 was in the failure of the legislature to reenact and publish at length therein Section 255.05. Florida Statutes 1959, F.S.A., as sought to be amended thereby.
To the same effect see Lipe v. City of Miami, 141 So.2d 738 (Fla. 1962), in which Roberts, J., speaking for the Florida Supreme Court, marked the distinction between the constitutional requirement that the subject of each law enacted shall be "briefly expressed in the title," with which we are not concerned on this appeal, and the further requirement, which is here involved, that "no law shall be amended or revised by reference to its title only; but in such case the act as revised or section, or subsection of a section, or paragraph of a subsection of a section, as amended, shall be reenacted and published at length"; and in the light of authorities cited held that the latter requirement must be strictly complied with.
We have carefully considered appellant's argument and citation of authorities to the effect that a provision of the character here involved is cured by inclusion in the general reenactment of the Florida Statutes under ch. 61-1, Laws of Florida 1961. That contention must be rejected. While certain defects, such as defects in titles, errors of spelling and punctuation, obvious misprints, and the like, may be remedied by the biennial act revising the Florida Statutes, this type of legislation cannot be used as a device by which to create new statutory law, vary the existing law, or cure any unconstitutionality of content as previously determined by the judicial branch of government. In State ex rel. Badgett v. Lee, 156 Fla. 291, 22 So.2d 804 (1945), the Florida Supreme Court laid down the rule that defective titles of the enacting statutes are remedied by including the statute in a later general reenactment of the laws, but went on to say:
"What we have said relates only to the invalidity of acts because of deficient titles. Incorporation in a general revision of the statutes would not cure a particular act of any unconstitutionality of content."
We have noted the fact that ch. 63-437, Laws of Florida, Acts of 1963, filed in the office of the Secretary of State on June 13, 1963, purports to amend Section 255.05, Florida Statutes, F.S.A., by adding paragraph (2) in the identical language of ch. 59-491, supra, which was held unconstitutional. It is elemental, of course, that this decision does not purport to construe the validity or effect of ch. 63-437. It is seen from the stipulation of the parties and the applicable law that at the time plaintiff furnished the subject materials to Hall Construction Company and at the time it commenced this suit there was not in effect a statute of limitations as insisted upon by appellant.
Accordingly, the judgment appealed must be and it is
Affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.
NOTES
[1] F.S. § 255.05, F.S.A. provides:

"255.05. Bond of contractor constructing public buildings; suit by materialmen, etc.
"(1) Any person entering into a formal contract with the state, any county of said state, or any city in said state, or any political subdivision thereof, or other public authority, for the construction of any public building, or the prosecution and completion of any public work or for repairs upon any public building, or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor shall promptly make payments to all persons supplying him labor, material and supplies, used directly or indirectly by the said contractor, or subcontractors, in the prosecution of the work provided for in said contract; and any person, making application therefor, and furnishing affidavit to the treasurer of the state, or any city, county, political subdivision, or other public authority, having charge of said work, that labor, material or supplies for the prosecution of such work has been supplied by him, and payment for which has not been made, shall be furnished with certified copy of said contract and bond, upon which, said person, supplying such labor, material or supplies shall have a right of action, and may bring suit in the name of the state, or the city, county, or political subdivision, prosecuting said work, for his use and benefit, against said contractor, and sureties, and to prosecute the same to final judgment and execution; provided, that such action, and its prosecution, shall not involve the state, any county, city or other political subdivisions, in any expense.
"(2) Any person supplying labor, material or supplies used directly or indirectly in the prosecution of the work to any subcontractor and who has not received payment therefor, shall, within ninety days after performance of the labor or after complete delivery of materials and supplies, deliver to the contractor written notice of the performance of such labor or delivery of such materials and supplies and the nonpayment therefor, and no action or suit for such labor or for such materials and supplies may be instituted or prosecuted against the contractor unless such notice has been given. No action or suit shall be instituted or prosecuted against the contractor or against the surety on the bond required in this section after one year from the performance of the labor or completion of delivery of the materials and supplies."