Tony DELDUCA, doing business as Delduca Trucking Service, Appellant,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.

No. 22368.

United States Court of Appeals
Fifth Circuit.

March 1, 1966.

Edward I. Cutler, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for appellant.

Julius I. Friedman, Miami, Fla., for appellee.

Before JONES and BROWN, Circuit Judges, and BREWSTER, District Judge.

JOHN R. BROWN, Circuit Judge:

■ The unsuccessful Creditor's appeal in this Florida diversity case raises the very narrow Florida question whether suit by a materialman (Creditor) against the surety on a public works bond must be filed within three years as "a liability created by a statute" or within twenty years as a contract under seal. The trial Judge, long experienced and versed in Florida law,[1] held the 3-year period to be applicable and dismissed the cause because it was time-barred. We affirm.

The facts are simple, neither complex nor conflicting. The specific dates are important only because the 1959 effort of the Florida Legislature to supply yet

---

1. In diversity cases where state law governs, great weight is to be given the determination of local law by such a judge. Bernhardt v. Polygraphic Co. of America, Inc., 1956, 350 U.S. 198, 204, 76 S.Ct. 273, 100 L.Ed. 199, 206; Sudderth v. National Lead Co., 5 Cir., 1959, 272 F.2d 259, 263 n. 11.

another limitation period—one year—aborted from a 1963 decision of state unconstitutionality.

In July 1959 the Contractor-Obligor[2] was awarded a contract by the State Road Department of Florida. The Contractor-Obligor and Surety[3] executed[4] a contract bond requiring that the Contractor-Obligor make payment to all persons supplying labor, material, equipment and supplies for the work.[5] The Creditor-Supplier[6] during 1960 furnished equipment for use by the Contractor-Obligor. Rental and expenses, caused by Contractor-Obligor's failure to maintain the equipment properly, aggregating some $46,000 were unpaid. This suit against the Surety was not filed until December 18, 1963, a date in excess of three years from the time the last item accrued. The threshold nature of the statute-of-limitations question was recognized by the parties, and both acquiesced in its resolution by motion for summary judgment. The District Court held that the action was time-barred under the 3-year statute, Fla.Stat. § 95.11(5), F.S.A., since it was an "action upon a liability created by a statute, other than a penalty or forfeiture; * * *."[7]

That our task is not an easy one or the footing somewhat unsure in the quest for the Florida rule does not make our obligation any less. Meredith v. City of Winter Haven, 1943, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9; cf. United Services Life Ins. Co. v. Delaney, 5 Cir., en banc, 1964, 328 F.2d 483. We must do the best we can utilizing all the currents which indicate the way the *Erie* [Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] wind blows. Here dicta, valuable as it often is in the *Erie* search, see Doucet v. Middleton, 5 Cir., 1964, 328 F.2d 97, 101–102; New York Life Ins. Co. v. Schlatter, 5 Cir., 1953, 203 F.2d 184, 187, blows both ways. Consequently, before taking a purely quantitative poll of the dicta, it helps

---

2. Coastline Construction Corporation of Florida.

3. United States Fidelity & Guaranty Company.

4. We assume the bond to have been under seal. This does not affect decision, however, since the suit was brought well within the 5-year period for a written contract not under seal (see note 7, infra).

5. The contract, a printed, presumably official form, expressly referred to the "security as set forth in the attached contract bond, * * * hereby adopted and made a part of this agreement as completely as if incorporated herein * * *." The bond, likewise on a printed, presumably official Florida form, named as Obligee "the Governor of the State of Florida and his successors in office" and the Contractor-Obligor was described as "Principal." After reciting that "it was one of the conditions of said contract [with the Road Department] that these presents shall be executed," the bond set forth these conditions:
   "* * * * Principal shall in all respects comply with the terms and conditions of said Contract * * * and shall indemnify and save harmless the Department against or from all claims * * * to which the Department may be subject by reason of any * * * default

* * * on the part of said Principal * * * in the execution or performance of said contract * * * and * * * such Contractor shall promptly make payment to all persons supplying labor, material, equipment and supplies, used directly or indirectly by the said Contractor or any Sub-contractor(s) in the prosecution of the work * * * and shall promptly pay all * * * taxes incurred * * *."

6. Tony Delduca, d/b/a Delduca Trucking Service.

7. Pertinent portions of § 95.11 of the Florida Statutes, F.S.A.:
   "Actions other than those for the recovery of real property can only be commenced as follows:
   "(1) Within twenty years—An action * * * upon any contract, obligation, or liability founded upon an instrument of writing under seal.
   "* * * *
   "(3) Within five years—An action upon any contract, obligation, or liability founded upon an instrument of writing not under seal.
   "* * * *
   "(5) Within three years—
   "(a) An action upon a liability created by a statute, other than a penalty or forfeiture; * * *."

perhaps to consider some other factors albeit these pull in opposite directions, so the problem is which tugs the greatest.

The bond was required by and executed pursuant to Fla.Stat. § 255.05, F.S.A. (1959) which in 1959 had two subparagraphs, the first (1) prescribing liabilities and the second (2) prescribing 90-day notice of unpaid claims and a 1-year statute of limitations.[8] Unfortunately on April 19, 1963, the Supreme Court of Florida in Auto Owners Ins. Co. v. Hillsborough County Aviation Authority, 153 So.2d 722, held the 1-year statute of limitation added to § 255.05 in 1959 (see note 8, supra) invalid under Fla.Const. art. III, § 16, F.S.A., requiring formal reenactment of a statute or section being amended. These state constitutional infirmities were not overcome until the reenactment in 1963 of both subparagraphs of § 255.05.[9]

The result is that the built-in 1-year limitation was, and is, ineffective as to pre-1963 claims. But this did not obliterate that part of the law which accorded statutory rights to persons who were not a formal party to the contract or the bond. The statute prescribed that persons furnishing "labor, material or supplies for the prosecution of such work" should after furnishing affidavit proof that payment therefor had not been made "shall have a right of action, and may bring suit in the name of the state * * * or political subdivision * * * for his use and benefit, against such contractor, and sureties." [10] See

8. "Bond of contractor constructing public buildings; suit by materialmen, etc.— [1] Any person entering into a formal contract with the state * * * for * * * the prosecution and completion of any public work * * * shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor shall promptly make payments to all persons supplying him labor, material and supplies, used directly or indirectly by the said contractor, or subcontractors, in the prosecution of the work provided for in said contract; and any person, making application therefor, and furnishing affidavit to the treasurer of the state * * * that labor, material or supplies for the prosecution of such work has been supplied by him, and payment for which has not been made, shall be furnished with certified copy of said contract and bond, upon which, said person, supplying such labor, material or supplies shall have a right of action, and may bring suit in the name of the state * * * for his use and benefit, against said contractor, and sureties, and to prosecute the same to final judgment and execution; provided, that such action, and its prosecution, shall not involve the state * * * in any expense.

"[2] Any person supplying labor, material or supplies used directly or indirectly in the prosecution of the work to any subcontractor and who has not received payment therefor, shall, within ninety days after performance of the labor or after complete delivery of materials and supplies, deliver to the contractor written notice of the performance of such labor or delivery of such materials and supplies and the nonpayment therefor, and no action or suit for such labor or for such materials and supplies may be instituted or prosecuted against the contractor unless such notice has been given. No action or suit shall be instituted or prosecuted against the contractor or against the surety on the bond required in this section after one year from the performance of the labor or completion of delivery of the materials and supplies." Fla.Stat. § 255.05 F.S.A. (1959), as amended Fla. Laws 1959, ch. 59–491. Prior to the 1959 amendment, § 255.05 consisted of the first subparagraph [1] only, there being no provision for notice of claims or limitation of actions thereon [2].

9. Fla.Laws 1963, ch. 63–437, effective June 13, 1963.

10. On argument the parties all seemed to assume that even in the absence of the first subparagraph of § 255.05, Florida would accord to materialmen, though not named as obligees, the right as third-party beneficiaries to sue on a bond securing a contractual duty to pay them. But this does not distract from the pervasive effect of the statute. For though both the bond and underlying contract are silent as to the protection of materialmen, Florida has held that the surety will be liable to them if the bond was executed for the purpose of fulfilling the statutory requirement of a bond. See City of Ocala v.

note 8, supra. When this expressed statutory right is considered in the light of Florida's recognized purpose to establish for Florida a little Miller Act (40 U.S.C.A. § 270a et seq.) whose general aim is to equate supplies to a public project against which materialmen's liens are not available with those suppliers to private projects enjoining the security of a lien,[11] we think the liability asserted against the Surety here is "a liability created by statute," (note 7, supra).

■ Several factors seem to work in this direction. First, the bond required by § 255.05, standing vicariously "in the stead of the statutory lien afforded with respect to private contracts," Massachusetts Bonding & Ins. Co. v. Bryant, Fla. Dist.Ct.App., 1965, 175 So.2d 88, 90, approaches more closely rights which are created statutorily, not contractually, when it is borne in mind that such "liens for labor performed and material furnished * * * did not exist at common law * * *," Palmer v. Edwards, Fla., 1951, 51 So.2d 495, 496, that that "the right to the lien is not created by the contract but by operation of the statute upon the relationship into which the parties have brought themselves. Such a lien, therefore, is statutory, not contractual * * *," Harper Lumber & Mfg. Co. v. Teate, 1929, 98 Fla. 1055, 125 So. 21, 24. Second, applying a Miller Act genesis and construction to § 255.05 as Florida does, our conclusion parallels that of federal decisions that it is the federal statute (Miller Act) which creates "a right of action upon the bond," and the "cause of action" being "the creature of the statute," the "statute

thus creates a new liability and gives a special remedy for it." United States ex rel. and for Use and Benefit of Texas Portland Cement Co. v. McCord, 1914, 233 U.S. 157, 162, 34 S.Ct. 550, 552, 58 L. Ed. 893, 897. See United States ex rel. Dover Elevator Co. v. General Ins. Co. of America, 6 Cir., 1964, 339 F.2d 194; United States for Use of Soda v. Montgomery, 3 Cir., 1958, 253 F.2d 509; cf. Peerless Cas. Co. v. United States, 1 Cir., 1957, 241 F.2d 811. Third, Florida's enactment, abortive at first, of the 1-year statute, though not controlling here, reveals a state policy to have a special, shorter period of limitation applicable to suits on bonds executed in compliance with the statute.

The upshot of this is that in the inescapable necessity of here making a decision, we arrive at the same result indicated by the dictum in Indemnity Ins. Co. of North America v. Brooks-Fisher Insulating Co., Fla.Dist.Ct.App., 1962, 140 So.2d 613, which, preventing retrospective application of the 1-year statute of limitation on a public bond claim found the appropriate pre-existing statutory period to be the three years for liability created by statute. Doing so, we are aware that W. F. Thompson Constr. Co. v. Southeastern Palm Beach County Hospital Dist., 3rd Fla.Dist.Ct.App., 1965, 174 So.2d 410, and Massachusetts Bonding & Ins. Co. v. Bryant, Governor, 1st Fla.Dist.Ct.App., 1965, 175 So.2d 88, by way of dicta stated that the limitation period was 20 years applicable to a suit on a contract under seal. In *Thompson* the question at issue was the validity under Fla.Stat. § 95.03, F.S.A., of a 1-year

Continental Cas. Co., 1930, 99 Fla. 736, 127 So. 326, 77 A.L.R. 8; Collins for Use and Benefit of Dixie Plywood Co. of Tampa v. National Fire Ins. Co. of Hartford, Fla.Dist.Ct.App., 1958, 105 So.2d 190.

11. "§ 255.05, F.S.A. was patterned after the federal Miller Act * * *." City of Fort Lauderdale ex rel. Bond Plumbing Supply Inc. v. Hardrives Co., Fla.Dist.

Ct.App., 1964, 167 So.2d 339, 340. Accord, Union Indemnity Co. v. State, 1930, 99 Fla. 656, 127 So. 307. Solving a problem of first impression in Florida, the Court in Board of Public Instruction, etc. v. Rood Constr. Co., Fla.Dist.Ct.App., 1964, 166 So.2d 701, 702, "turned to the federal Miller Act, 40 U.S.C.A. § 270a, et seq., which is the basis for our Chapter 255."

time-of-suit clause as a contractual effort to prescribe "a period of time less than that provided by" the appropriate statute of limitations. Since the contractually imposed period was shorter than both the 3 and 20-year statutory period, it was unnecessary for the Court in holding the contractual clause void to decide which statutory period applied. In *Massachusetts Bonding* the District Court of Appeals, disapproving the trial Court's holding that Fla.Stat. § 337.18, F.S.A., rather than § 255.05 applied on a road contract bond, nevertheless affirmed the result because of the intervening 1963 invalidation of the 1-year limitation period "with the result that the twenty year statute of limitation (Section 95.11(1), Florida Statutes, F.S.A.) is applicable to this suit upon a written contract under seal." 175 So.2d 88, 91. However, much as in *Thompson*, since suit had been brought a year and several months after the cause arose, the Court in deciding that the action was not barred by the 1-year statute did not have to choose between the 3 and 20-year statutes.

Little is offered in making the *Erie* choice as to this dicta. In none of these cases was the choice between the 3, 5, or 20-year limitation period (see note 7, supra) of controlling significance. In each the result compelled only that some statute of limitation period greater than one year be found to exist. With the *Erie* currents being so weak and diverse, we have thought it better to rest our conclusions upon the analysis we have set forth. If in the face of these contradictory expressions we have incorrectly divined the Florida law,[12] it must be remembered that the choice of forum, federal or state, was the articulate initial decision of the Creditor.[13]

Affirmed.

12. Since the valid reenactment of the 1-year statute clearly covers cases such as this arising subsequent to 1963, it is unlikely that Florida Courts will ever have occasion to assay our decision.

13. On argument we were told that had the case been filed in the State Court, any appeal would have gone to the Second District Court of Appeals which decided Brooks-Fisher announcing the 3-year statute to be applicable.