LILES, Judge.
Appellant, defendant below, appeals from an adverse judgment rendered by the Civil and Criminal Court of Record for Pinellas County.
In March of 1963, a general contractor, one Earl Lamb, entered into a contract with Builders Manufacturing Company for the supply of doors and frames for the construction of Azalea Junior High School in St. Petersburg, Florida. Lamb was the general contractor for the Azalea job, and defendant company was surety for the project pursuant to Section 255.05, Fla.Stats., F.S.A. In July, August and September of 1963, Builders Manufacturing Company delivered materials to the job site. Its final delivery was made on September 18, 1963.
More than one year after its last delivery of materials to the construction site and *42 more than one year after having received its last payment on the contract, appellee board of public instruction filed suit for the use and benefit of Builders Manufacturing Company against Lamb and defendant seeking the balance due on the contract. One of defendant’s defenses to the suit was that Builders Manufacturing Company’s claim was barred by the one-year statute of limitations of § 255.05, Fla.Stats., F.S.A. The trial judge struck this defense, ruling that the 20-year statute of limitations of § 95.11(1), Fla.Stats., F.S.A., governed. That ruling is the subject of this appeal.
The portion of § 255.05, Fla.Stats., F.S. A., providing a one-year statute of limitations on claims against the general contractor and his surety was added by amendment in 1959. Ch. 59-491, Laws of Florida, 1959. It was declared unconstitutional by the Supreme Court of Florida in 1963 because of the Legislature’s failure to reenact § 255.05 and publish it at length as required by Article III, Sec. 16 of the Florida Constitution, F.S.A. Auto Owners Insurance Co. v. Hillsborough County Aviation Authority, 153 So.2d 722 (Fla. 1963). The Legislature corrected this oversight, and the one-year statute of limitations became law in June of 1963. Ch. 63-437, Laws of Florida, 1963.
Although the contract between Lamb and Builders Manufacturing Company was executed before the effective date of the statute of limitations in § 255.05, Fla.Stats., F.S.A., Builders Manufacturing Company had no cause of action nor claim against Lamb until the contract was breached. This did not occur until after September 18, 1963. The one-year statute of limitations of § 255.05, Fla.Stats., F.S.A., was in full effect on that date and applied to Builders Manufacturing Company’s claim. Since that company did not bring suit until almost two years later, its claim was barred by statute of limitations in § 255.05, Fla. Stats., F.S.A. The trial court therefore erred in striking defendant company’s defense based on said statute and in entering judgment against it.
For the foregoing reasons, the judgment appealed is reversed.
ALLEN, C. J., and WINGFIELD, ROBT. H., Associate Judge, concur.