RIGHT REVEREND PATRICK BARRY, Bishop of St. Augustine, (Plaintiff below) *Plaintiff in Error*, vs. COLUMBIA CASUALTY COMPANY, a New York Corporation, and LOUIS FLEISHER CONSTRUCTION COMPANY, a Florida corporation, (Defendants below) *Defendants in Error*.

Division B.

Opinion filed April 13, 1931.

Petition for re-hearing denied May 13, 1931.

*Pleus & Williams*, for Plaintiff in Error;

*Maguire & Voorhis*, for Defendants in Error.

TERRELL, J.—Plaintiff in error brought a common law action against defendants in error in the Circuit Court of Orange County. A demurrer to the declaration was sus-

tained, final judgment was entered, and writ of error taken to that judgment.

The defendants in error were principal and surety on an indemnity bond, being the same bond and contract as that involved in Johnson Electric Company Inc. vs. Columbia Casualty Company et al. decided this date. Except as given in this opinion the facts in this case are identical to those in the case last mentioned. The sole question of whether or not there was a misjoinder in this cause is the only one we deem it essential to answer as all others were fully answered in Johnson Electric Company Inc. vs. Columbia Casualty Company et al., supra.

In the instant case the Right Reverend Patrick Barry on behalf of subcontractors and material men, sues Columbia Casualty Company as surety and Louis Fleisher Construction Company as principal on the construction bond and contract as above referred to. There were seven of these subcontractors and material men, all having contracts with the principal contractor. Each count of the declaration is predicated on the subcontract, the damages suffered, the posting of the bond, the alleged fact that it protected subcontractors and material men, the breach of the contract and such other allegations as are sufficient to state a cause of action. In Johnson Electric Company Inc. vs. Columbia Casualty Company et al. we held that subcontractors were protected by this bond.

The contention is that such a declaration constitutes a misjoinder both as to parties plaintiff and as to causes of action.

Section 2585 Revised General Statutes of 1920 (Section 4225 Compiled General Laws of 1927) provides that causes of action of whatever kind, by and against the same parties in the same rights, may be joined in the same

suit, except that replevin and ejectment shall not be joined together nor with other causes of action. Our "real parties in interest" statute (Section 2561 Revised General Statutes of 1920, section 4201 Compiled General Laws of 1927) in part provides that an executor, administrator, trustee of an express trust (including a person with whom or in whose name contract is made for the benefit of another, or when expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted.

The literal import of the last enumerated statute clearly embraces this action and the facts of the case bring it within the terms and spirit of the prior statute. Plaintiff in error was the obligee in the bond sued on and was a "person with whom contract is made for the benefit of another". The parties defendant were the same as to all parties interested or for whom the contract was made, all were protected by the same contract and bond, there were no antagonistic interests, except as to amount, the rights of all parties were the same and the declaration is so cast that each claim may be proven and the judgment thereon offered as res adjudicata to any action in the future on any claim involved.

It would not seem necessary to travel beyond the clear language of the statutes cited to settle this question although other statutes and decisions are to the same effect. Section 3531 Revised General Statutes of 1920 (Section 5394, Compiled General Laws of 1927).

We therefore conclude that plaintiff in error was authorized to bring this action without "joining with him the person (or persons) for whose benefit" it was brought. The judgment below is accordingly reversed.

Reversed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.