JOHNSON ELECTRIC COMPANY, INC., a Florida Corporation, *Petitioner*, vs. COLUMBIA CASUALTY COMPANY, a corporation et al., *Defendants*.

Division B.

Opinion filed April 14, 1931.

Petition for rehearing denied May 13, 1931.

*G. P. Garrett and Pleus, Williams & Pleus,* for Petitioner;

*Maguire & Voorhis,* for Defendants.

TERRELL, J.—This cause is here on certiorari to the Circuit Court of Orange County to review a judgment of that Court affirming a final judgment of the County Court of said County.

The final judgment in the County Court was the product of an action by petitioner against Columbia Casualty Company as surety on a construction bond executed by Louis Fleisher Construction Company, in· favor of the Right Reverend Patrick Barry, Bishop of St. Augustine.

It appears that Louis Fleisher Construction Company entered into contract with the Right Reverend Patrick Barry to construct a school building in Orlando, Florida, and to guarantee the faithful performance of said contract, an indemnity bond was executed in favor of Bishop Barry with Columbia Casualty Company as surety. Johnson Electric Company was a subcontractor with Louis Fleisher Construction Company and furnished the electrical fixtures and supplies for the main contract. Johnson Electric Company was not paid and relying on the bond as aforesaid brought suit to recover thereon.

The main question pressed for our determination is whether or not Johnson Electric Company, a subcontractor, is protected by and may sue directly to recover on the bond as thus described.

The contract between Louis Fleisher Construction Company and Bishop Barry carried the following specification:

"The contractor for the work will be required to give an acceptable corporate bond of suretyship in the standard form of the American Institutes of Architects to the amount of one hundred (100%) per cent. of the contract price for the faithful performance of his Agreement, and will be required under this Security, to keep all his work in repair for twelve (12) months after completion, that is: during this time he will be liable for all damages to the building arising from defective workmanship, materials, and setting.

"In addition thereto the said bond shall include provisions FOR THE PROTECTION OF SUB-CON-.TRACTORS AND THOSE FURNISHING LABOR AND/OR MATERIALS AND/OR SUPPLIES, TO THE CONTRACTOR ON THIS WORK."

Pursuant to this specification Louis Fleisher Construction Company posted its bond with Columbia Casualty Company as surety, containing the following provision:

"Now therefore, the condition of this obligation is such that if the principal shall faithfully perform the Contract on his part, and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the Owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the Owner all outlay and expense which Owner may incur in making good any such default, AND SHALL PAY ALL PERSONS

WHO HAVE CONTRACTS DIRECTLY WITH THE PRINCIPAL FOR LABOR OR MATERIALS, then this obligation shall be null and void; otherwise, it shall remain in full force and effect.''

The court below held that the bond was solely for the benefit of Bishop Barry and that Johnson Electric Company could not recover thereon. We think this holding was erroneous. It is true that Johnson Electric Company was not a formal party to the contract and we have no statute authorizing or requiring provision for the protection of third parties in construction contracts other than for public works (Section 3533 Revised General Statutes of 1920, Section 5397 Compiled General Laws of 1927) but in the absence of such a statute there can be no valid objection to parties sui juris contracting for the protection of other parties. The contract under review shows clearly that the principals intended that all subcontractors who furnished labor or material thereon should be protected thereby and its language is ample to convey that intention. The declaration states a cause of action in favor of Johnson Electric Company, the ''real party in interest'' who is authorized to sue under the law of this State. (Section 2561 Revised General Statutes of 1920, Section 4201 Compiled General Laws of 1927).

The record discloses that the bond was in the form prescribed by the American Institute of Architects which has been examined in several jurisdictions and construed as being sufficient to protect subcontractors not formal parties to it or the contract secured by it. American Surety Company of New York vs. DeWald, 30 Ga. App. 606, 118 S. E. Rep. 703, text 705; Hartford Accident and Indemnity. Company vs. W. and J. Knox Net and Twine Company, 150 Md. 40, 132 Atl. 261; Pittsburg Plate Glass Company,

Inc. vs. Fidelity and Deposit Company of Maryland, 193 N. C. 769, 138 S. E. 143; Mansfield Lumber Company vs. National Surety Company, 176 Ark. 1035, 5 S. W. (2nd.) 294; Bryam Lumber and Supply Company vs. Page et al. 109 Conn. 256, 146 Atl. 293; Fidelity and Deposit Company of Baltimore, Maryland vs. Rainer ....Ala....., 125 So. 55.

In American Surety Company of New York vs. Smith and in American Surety Company vs. Decatur Iron and Steel Company reported in 100 Fla. 1012, 130 So. 440 this Court examined and construed an indemnity bond similar to the one given in this case and there enunciated the law generally applicable to this species of bonds. It is not necessary to now repeat what was said in these cases, except to say that we there held that a third party subcontractor could recover on a contract and bond if made for his benefit though he was not a formal party thereto. The bond involved in the cases last named, both as to terms and implications, is in some respects different from that involved in the case at bar but their differences do not affect the law governing either bond. Whether the bond is in form prescribed by the American Institute of Architects or in other form of similar import makes no difference, Courts should construe it to effect its purpose. Under late methods of contracting the subcontractor is quite as important factor as the main contractor, the expense or bid on the main contract being primarily the aggregate of the bids of subcontractors and material men with the fee, commission, or compensation of the main contractor added. On this theory bonds like the one brought in question are designed to protect the subcontractor and material man.

The very essence and purpose of these bonds is to save harmless the laborer, material man, and subcontractor

along with the main contractor and when so expressed they should be interpreted to effect this purpose. The early common law denied unequivocally any such right. It is one of the sources from which has sprung the business of the compensated surety and in part explains why the rule of strictissimus juris has been minimized as to him.

We therefore conclude that Johnson Electric Company is protected by and may sue directly on the bond as executed and brought here for review. Other questions raised are fully answered in American Surety Company cases, supra.

The judgment below is therefore quashed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.