## WILLIAM BAYLEY CO. v. COLUMBIA CASUALTY CO.

### No. 6063.

Circuit Court of Appeals, Fifth Circuit.

June 22, 1931.

Peyton T. Jordan, of Tampa, Fla., for appellant.

M. W. Wells, of Orlando, Fla., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought suit to recover on a building contractor's bond executed by appellee as surety. A demurrer setting up no cause of action was sustained to the complaint, and the suit was dismissed.

The complaint alleges that, subsequent to the execution of the contract and bond, appellant, as a subcontractor, furnished certain casements and windows to the contractor, on which a balance of $3,378.80 is due; that they were approved by the architect and were used in the construction of a school building for the St. James Roman Catholic parish, as provided by the contract.

900.

As to the contract and bond, the allegations are these:

The Right Reverend Patrick Barry, bishop of St. Augustine, entered into a written contract with the Louis Fleisher Construction Company on June 25, 1928, for the building of a school for St. James Roman Catholic parish, Orlando, Fla., for the sum of $94,-056. The contract required the contractor to give an acceptable corporate bond of suretyship, in the standard form of the American Institute of Architects, to the amount of 100 per cent. of the contract, and providing that the said bond should include provisions for the protection of subcontractors and those furnishing labor and materials or supplies to the contractor on the work.

The contractor furnished the required bond, with itself as principal and the Columbia Casualty Company as surety, with the following condition: "If the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the Owner from all cost and damages which he may suffer by reason of failure so to do and shall fully reimburse and repay the Owner all outlay and expenses which the Owner may incur in making good any such default, and shall pay all persons who have contracted directly with the Principal for labor or materials, then this Obligation shall be null and void; otherwise it shall remain in full force and effect."

Our inquiry is very much simplified by the recent decision of the Supreme Court of Florida in the case of Johnson Electric Co. v. Columbia Casualty Co., 133 So. 850, which construes the identical contract and bond declared on in this case. The decision of the Supreme Court of Florida holds that the bond was written in favor of furnishers of labor and materials to the contractor, and that such laborers and contractors have a right of action in their own names on the bond. The decision is well considered and persuasive, and we have no hesitancy in following it. This conclusion is supported by the following cases: American Surety Co. v. Smith (Fla.) 130 So. 440; Hendrick v. Lindsay, 93 U. S. 143, 23 L. Ed. 855.

It follows that it was error to sustain the demurrer.

Reversed and remanded.