174 So.2d 747 (1965)
AETNA INSURANCE COMPANY, Appellant,
v.
ESTERO MANUFACTURING AND BUILDERS SUPPLY, INC., Fuller Industries, Inc., and Sarasota Electric Corporation, Appellees.
No. 5578.
District Court of Appeal of Florida. Second District.
May 12, 1965.
Rehearing Denied June 8, 1965.
*748 David H. McClain of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
P.D. Thomson of Paul & Sams, Miami, for appellees Fuller and Estero.
William L. Graddy of Henderson, Franklin, Starnes & Holt, Fort Myers, and Paderewski, Cramer & Robinson, Sarasota, for appellee Sarasota Elec. Corp.
ANDREWS, Judge.
This is an interlocutory appeal by Aetna Insurance Company, one of the defendants in the trial court, from Orders denying Motion to Dismiss Cross Claims of Sarasota Electric Corporation and Estero Manufacturing & Builders Supply, Inc., and Fuller Industries, Inc. entered after final judgment for the plaintiff H.B. Nevans, et ux, on the question of liability. On appeal to this court said final judgment was Per Curiam affirmed in the case of Kornblum v. Nevans, 174 So.2d 632, on April 30, 1965.
H.B. Nevans and Virginia Nevans, his wife, as owners of the Caribbean Motel, entered into a contract for the construction of an addition to the motel, and in accordance with the provisions of Section 84.05 (11) (a), Fla. Stat. 1961, F.S.A., required the contractor to provide a surety bond payable to the owner in the amount of the original contract conditioned upon faithful performance of the contract and to cause all claims for material furnished in the prosecution of the work to be discharged. The bond also provided that no right of action should accrue under the bond for the use or benefit of anyone other than the obligees therein.
The record discloses extensive defalcation by the contractor in the quality of the work, failure to complete the contract, and the failure to pay persons who had supplied labor, material and supplies. The court declined to dismiss the cross-claims of Estero Manufacturing and Builders Supply, Inc. and Sarasota Electric Corporation, and the responsive pleading in the nature of a complaint to foreclose lien of Fuller Industries, Inc.
The Florida Supreme Court held in the case of Johnson Electric Co. v. Columbia Casualty Company, 1931, 101 Fla. 186, 133 So. 850, 77 A.L.R. 1, and in the companion case Barry v. Columbia Casualty Company, 1931, 101 Fla. 168, 133 So. 852, that a subcontractor as third party beneficiary could bring suit against the surety under the performance *749 bond conditioned upon payment of all claims and demands incurred as a result of the default by the contractor.
The rationale of those decisions was that the court found in construing the contracts and bonds, although not expressly stated, the parties intended to make subcontractors parties beneficiaries of the bond. While agreeing that this is the law as to a contract and bond containing no express provision, we have in the case at bar a bond which contains the following proviso:
"That no right of action shall accrue upon or by reason hereof to or for the use or benefit of anyone other than the obligee(s) herein named."
By this provision the parties specifically contracted and agreed on the subject, thus taking this bond out from under the effect of the foregoing decisions. The statutes in effect at the time this bond was given neither gave a subcontractor a direct right of action on the bond nor prohibit provision in the bond limiting the right of action to the owner. The quoted proviso was therefore a valid contractual agreement between the parties which cannot be expanded by judicial interpretation to include a right of action to a subcontractor. Under this provision of the bond the owners who were the obligees above have a right of action against the surety. Morganton Mfg. & Trading Co. v. Andrews, 1914, 165 N.C. 285, 81 S.E. 418.
The holders of valid liens have a right of action against the owner, and the owner would then in turn have a claim against the bonding company in accordance with the expressed term of the bond.
Accordingly, the orders appealed from are
Reversed, with directions to grant the Motion to Dismiss the claims of Estero Manufacturing and Builders Supply, Inc., Fuller Industries, Inc., and Sarasota Electric Corporation.
SMITH, C.J., and ALLEN, J., concur.