206 So.2d 60 (1968)
NATIONAL UNION FIRE INSURANCE COMPANY, a Pennsylvania Corporation, Appellant,
v.
WESTINGHOUSE ELECTRIC SUPPLY CO., a Division of Westinghouse Electric Corporation, Appellee.
No. 67-38.
District Court of Appeal of Florida. Third District.
January 16, 1968.
Rehearing Denied January 31, 1968.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami for appellant.
Heiman & Crary and Richard Reckson, Miami, for appellee.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
SWANN, Judge.
This appeal is by a defendant, National Union Fire Insurance Company, from an order which granted a "partial final judgment" for the plaintiff below [appellee] as to liability and damages, and a final judgment based thereon.
The plaintiff's suit against this defendant was predicated on a surety bond which it *61 had executed with a co-defendant, Diplomat Electric, Inc. Diplomat was an electrical subcontractor on a private construction job, had obtained the bond for the general contractor, Fred Howland, Inc., and allegedly had purchased materials from the plaintiff, Westinghouse, used them on the job, and failed to pay for them. Westinghouse then sued Diplomat and its surety, the appellant, for damages.
On appeal, appellant asserts error and claims there was no legal obligation by it to the plaintiff materialman under this bond, and because there were genuine issues of material facts which remained to be determined on the merits.
The bond in question was not written for work on a public building pursuant to Section 255.05, Florida Statutes, F.S.A., and the case of Collins for Use and Benefit of Dixie Plywood Co. of Tampa v. National Fire Insurance Co., of Hartford, Fla.App. 1958, 105 So.2d 190, is therefore inapplicable. Nevertheless, there is authority in Florida for a third party under appropriate circumstances to recover on a surety bond intended for his benefit as well as for the benefit of the formal parties thereto. American Surety Co. of New York v. Smith, 100 Fla. 1012, 130 So. 440 (1930); Johnson Electric Co. v. Columbia Casualty Co., 101 Fla. 186, 133 So. 850, 77 A.L.R. 1 (1931); Barry v. Columbia Casualty Co., 101 Fla. 168, 133 So. 852 (1931).
The pertinent provisions of the bond are:
* * * * * *
"AND WHEREAS, said Principal of the 14th day of September, 1964, entered into a written subcontract with said Obligee for furnishing and installing all electrical work for 19 story tower addition to Company's Pier `66' Hotel,
"which sub-contract is hereby referred to and made a part hereof by reference.
"NOW THEREFORE, if the above bounden Principal shall well and truly perform the work contracted to be done under said sub-contract between said Principal and said Obligee, and shall indemnify the said Obligee against all loss or damage which Obligee may sustain by reason of the failure of said Principal to pay claims for labor, services or materials, furnished and used or consumed in connection with such sub-contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.
"It is understood and agreed that notwithstanding anything in said sub-contract to the contrary this bond is one of indemnity only and does not inure to the benefit of or confer any right of action upon any person other than the named Obligee."
* * * * * *
The principal named in the bond was Diplomat, the obligee was the general contractor, Fred Howland, Inc., and appellant was the surety.
The language used in this bond was quite similar to that used in Aetna Ins. Co. v. Estero Mfg. & Bldrs. Supply, Inc., Fla.App. 1965, 174 So.2d 747.
There, the court construed a bond provided by the general contractor to the land owners, for certain construction work on their motel.
The court acknowledged the rationale of Johnson Electric and Barry, supra, but went on to say, at page 749:
* * * * * *
"The rationale of those decisions was that the court found in construing the contracts and bonds, although not expressly stated, the parties intended to make subcontractors parties beneficiaries of the bond. While agreeing that this is the law as to a contract and bond containing no express provision, we have in the case at bar a bond which contains the following proviso:
"`That no right of action shall accrue upon or by reason hereof to or for the use or benefit of anyone other than the obligee(s) herein named.'

*62 "By this provision the parties specifically contracted and agreed on the subject, thus taking this bond out from under the effect of the foregoing decisions. The statutes in effect at the time this bond was given neither gave a subcontractor a direct right of action on the bond nor prohibit provision in the bond limiting the right of action to the owner. The quoted proviso was therefore a valid contractual agreement between the parties which cannot be expanded by judicial interpretation to include a right of action to a subcontractor. * * *"
* * * * * *
Appellee contends that the specific language of this bond incorporates the subcontract between Diplomat and Howland, by reference, and that the terms and provisions of the subcontract have to be considered, as well as the terms of the bond. See Collins, supra, at 105 So.2d 190, 194, 195, and Haynes Hardware Co. v. Western Casualty & Surety Co., 156 Kan. 356, 133 P.2d 574 (1943). This may be true, but in the above cited cases the bond and the construction contracts were in the record and could properly be construed by the court. In the case sub judice, the subcontract between Diplomat and Howland is not in the record. The surety bond is the only document, pertinent to this appeal, which is in the record and it is specifically designated as an indemnity bond for the sole benefit of Howland, the obligee. Under the circumstances and record of this case, the rule expressed in Estero, supra, is applicable and there is no legal obligation from the appellant [surety] to the appellee [third party] under the terms of the bond. Having determined that there is no legal obligation from the surety company to the third party materialman under the terms of this bond, it is not necessary for us to discuss the other point on appeal.
The final judgment appealed is therefore
Reversed.