**TRAVELERS INDEMNITY COMPANY,**
Plaintiff-Appellee and Cross-
Appellant,

v.

**EVANS PIPE COMPANY** and Evanite
Plastic Company, Defendants-Appellants and Cross-Appellees.

**Nos. 20162, 20163.**

United States Court of Appeals,
Sixth Circuit.

Oct. 19, 1970.

**212**

John E. Martindale, Cleveland, Ohio, Arter & Hadden, Cleveland, Ohio, on the brief, for plaintiff-appellee and cross-appellant.

William F. Snyder, Cleveland, Ohio, Aberdeen P. Hutchison, Marshman, Snyder & Seeley, Cleveland, Ohio, on the brief, for defendants-appellants and cross-appellees.

Before WEICK, CELEBREZZE and MILLER, Circuit Judges.

PER CURIAM.

Travelers Indemnity Company (Travelers) was surety on the performance and payment bond of a golf course builder named Mitchell on his contract to construct a golf course for Old Westbury Golf and Country Club. Mitchell purchased plastic pipe for the irrigation system of the golf course, from Evans, which pipe after its installation, proved defective and required replacement.

The Country Club sued Travelers and Mitchell in a New York Court on the contract and surety bond, to recover damages it sustained. Travelers filed a third-party complaint against Evans, a resident of Ohio, and attempted to obtain service of process under New York's "long-arm statute". Evans appeared specially and moved to quash the service of summons on the ground that Mitchell's contract to purchase the pipe from Evans was completed in Ohio and the "long-arm statute" was not sufficiently broad to authorize service of process. The Court granted Evans' motion and quashed the service of summons. Travelers then endeavored to "vouch in" Evans by giving it written notice of the pending case and demanding that it defend the action or be bound by any judgment entered therein. Evans refused to defend. The Country Club recovered judgment against Travelers in the New York Court which found that the plastic pipe was defective.[1] Travelers paid the judgment and sued Evans in the District Court to obtain reimbursement for the payment which it made, plus attorneys' fees. The District Court rendered judgment against Evans for the full amount of the New York judgment plus attorneys' fees. It denied Travelers' additional claim against Evans for the purchase price of pipe Travelers purchased from Evans in order to complete Mitchell's contract with the Country Club. Both Evans and Travelers appealed. We affirm.

Travelers was subrogated not only to the rights of its principal (Mitchell) but also to the rights of its obligee (Country Club). Maryland Casualty Co. v. King, 381 P.2d 153 (Okl. 1963); Maryland Casualty Co. v. Gough, 146 Ohio St. 305, 65 N.E.2d 858 (1946). It could assert the rights of both. Evans, if properly "vouched in", was bound by the determinations of fact and law in the

---

1. Mitchell was adjudicated bankrupt and no judgment was entered against him.

New York case. Hessler v. Hillwood Mfg. Co., 302 F.2d 61 (6th Cir. 1962).

Evans contends that the warranties in its sale to Mitchell are different from those involved in Mitchell's contract with the Country Club. We think they are the same.

 Mitchell purchased the pipe from Evans for use in irrigating the Country Club property. The pipe was sold as "golf course pipe". There were warranties of fitness and of merchantability. These same warranties applied to Mitchell's sale to the Country Club. Mitchell would of course, be liable additionally, to the Country Club for improper workmanship in the installation of the pipe. Neither Mitchell nor Travelers would be liable if the damage to the pipe resulted from acts or omissions of the Country Club. However, the proof offered in the New York case was to the effect that the pipe was defective and the New York Court so found. In our opinion, Evans is concluded by that judgment. Hessler v. Hillwood Mfg. Co., *supra*.

There was no proof of fraud, collusion or bad faith of either party in connection with the New York litigation.

We agree with the District Court that the limitation of liability clauses contained on the reverse side of Evans' acceptance of order form were not binding on either Mitchell or the Country Club. The contract of sale was completed in Ohio when Evans signed the form before it was sent to Mitchell in New York. The New York Court so held in ruling on Evans' motion to quash service of summons. There was no proof that the Country Club had any knowledge of the clauses. It would not be bound by them; neither would Travelers, since the clauses were not binding on either its principal or obligee.

Travelers has appealed from a denial of its claim for moneys which it paid to Evans for materials it purchased from Evans in order to complete Mitchell's contract with the Country Club. The judgment of the New York Court however, included the entire purchase price of all of the pipe for the payment of which Travelers recovered judgment against Evans in the District Court. Evans cannot be held for a double recovery on any part of the claim.

Affirmed.