### In the Matter of ELI WITT COMPANY, Debtor.

### ELI WITT COMPANY, etc., Plaintiff,

### v.

### STATE DEPARTMENT OF REVENUE, etc., et al., Defendant.

### Bankruptcy No. 79–896 T.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Dec. 31, 1979.

See also, Bkrtcy., 2 B.R. 492.

John K. Olson, C. Timothy Corcoran, III, Tampa, Fla., for plaintiff.

Arthur S. Olick, New York City, Marvin E. Barkin, Tampa, Fla., for creditors' committee.

Theodore C. Taub, Tampa, Fla. for Aetna Casualty & Surety Co.

Ronald J. Bowden, Montgomery, Ala., for defendant.

Robert C. Wasson, Columbia, S. C., for S. C. revenue commissioners.

Myron C. Banks, Raleigh, N. C., for N. C. Dept. of Revenue.

## ORDER DETERMINING EFFICACY OF CANCELLATION NOTICES

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS an arrangement proceeding and the matters under consideration are the next chapter in the debtor's ongoing attempt to salvage and preserve a contract right, which the debtor deems to be indispensable to its economic survival. The precise matters under consideration are (1) a Motion for Reinstatement of a preliminary injunction; (2) Motion for Rehearing and for Clarification of Orders of November 30, 1979 and December 3, 1979, filed by Eli Witt Company (Eli Witt); (3) Motion entitled "Motion in Limine" filed by the State

of Florida; and (4) Motion for Judgment on the Pleadings filed by the State of Florida. The heart of this controversy relates to certain previous Orders entered by this Court and by the District Court. These Orders were all directed to the question of the validity and efficacy of notices of cancellation of certain bonds posted by Aetna Casualty & Surety Co. (Aetna) on behalf of Eli Witt, which bonds enabled the debtor in the past, prior to the notices of cancellation, to purchase cigarette tax stamps on credit in several States including the State of Florida where Eli Witt has been doing business. These states are the named party defendants in this adversary proceeding.

In order to put this controversy in the proper focus, a brief recital of the genesis of this controversy is in order.

Prior to the commencement of this arrangement proceeding, Aetna wrote several bonds pursuant to Chap. 210, *Florida Statutes* on behalf of Eli Witt, which pursuant to the statutory provisions permitted Eli Witt to purchase tax stamps on credit from the State of Florida, which tax stamps must be, under the law, affixed to all tobacco products sold in this State. On July 2, 1979 and July 3, 1979, Aetna sent notices of cancellation of the Florida Bonds to the Department of Business Regulation, Division of Beverage (the Department). Aetna also sent notices of cancellation of bonds to several other states, among them, the State of Alabama.

Eli Witt, having determined that its ability to continue to purchase tax stamps on credit was vital to its economic survival, immediately sought relief from this Court and on August 16, 1979, obtained an order, after extensive hearings, declaring the notices of cancellation sent by Aetna to be null and void by virtue of intervention of the arrangement proceeding and by virtue of the fact that Aetna did not apply and obtain leave from this Court to cancel the bonds in question.

All States where Eli Witt has been doing business initially obeyed this Order and continued to sell tax stamps on credit to Eli Witt, except the State of Alabama. Eli Witt, in order to enforce the August 16, 1979 order, instituted an adversary proceeding and named as party defendants the following States: Alabama, Florida, North Carolina and South Carolina. This adversary proceeding sought a mandatory injunction directing the named defendants to honor the order of August 16, 1979 and to continue to sell tax stamps on credit to Eli Witt. In due course, the matter was set down for hearing and on September 1, 1979, this Court entered a preliminary injunction directing the defendant States to honor the bonds posted with them by Eli Witt, as principal and Aetna as surety. In the interim, Aetna having been aggrieved by the August 16, 1979 order, filed a Notice of Appeal and initially sought a stay pending appeal from this Court which was denied and then, sought a stay pending appeal from the District Court which was also denied.

The State of Alabama having been aggrieved by the September 1, 1979 order filed a Notice of Appeal and initially sought a stay pending appeal from both this Court and the District Court which were denied, but subsequently obtained, ex parte, without notice, hearing, or supersedeas bond, a stay pending appeal from the Fifth Circuit Court of Appeals. Subsequently, Aetna also obtained from the Fifth Circuit Court of Appeals, a stay pending appeal of the August 16, 1979 order.

The appeals with regard to the August 16, 1979 order, as modified by this Court's August 23 and 24, 1979 orders, and the September 1, 1979 order were considered by the District Court and on November 1, 1979, the District Court reversed these orders. Eli Witt promptly filed a motion for rehearing with the District Court which, after having been considered, was granted in part and denied in part and the District Court amended its previous order in its November 19, 1979 order. The District Court on reconsideration limited the scope of the November 1, 1979 order and indicated that the ruling had no bearing on the adversary proceeding pending on appeal between Eli Witt and the State of Alabama and stated

that the November 1, 1979 order did not reverse the determination by this Court that the cancellation notices were ineffective by reason of non-compliance with the terms of the bonds themselves. The District Court, however, adhered to that part of the order which decreed that Aetna's contractual right to terminate and cancel the bond was unaffected by the intervention of the arrangement proceeding, citing *Schokbeton Industries Inc. v. Schokbeton Products Corp.*, 466 F.2d 171 (5th Cir. 1972), but remanded the matter for further proceedings.

The State of Florida, taking the position that the bonds were effectively cancelled, refused to sell tax stamps on credit to Eli Witt. Eli Witt, therefore, filed a motion for enforcement of the preliminary injunction and the State of Florida filed a cross-motion for relief from the preliminary injunction. After a hearing at which time it was revealed that Eli Witt had been buying tax stamps from the State of Florida on a cash basis, this Court in its November 30, 1979 and December 3, 1979 orders, vacated the preliminary injunction as to the State of Florida without prejudice to Eli Witt seeking a reinstatement of the injunction and scheduled a hearing on December 8, 1979 on the limited issue of the efficacy of the notices of cancellation. The State of Florida then filed a Motion for Judgment On the Pleadings and a Motion in Limine. Eli Witt, in turn, filed a Motion for Rehearing, Reconsideration and Clarification of the November 30 and December 3, 1979 orders and a Motion to Reinstate the Preliminary Injunction.

It is without dispute that the cancellation notices were not in strict compliance with the terms of the bonds in that the notices were sent to the Department rather than to the Governor. However, the State of Florida asserts that any defects in the notices of cancellation were waived by Eli Witt's failure to specifically allege such defects in its pleadings and, more importantly, that Eli Witt through its prior dealings with the Department, has waived any objection to the method of cancellation utilized and is now estopped from objecting to the effec-

tiveness of Aetna's July 2 and 3, 1979 cancellation notices.

It should also be noted that, although previously dismissed as a party to this adversary proceeding, Aetna filed a Motion to Intervene which this Court granted on December 6, 1979. Aetna's position in this controversy is the same as that of the State of Florida.

It is the position of Eli Witt that the efficacy of the cancellation notices vis-a-vis the terms of the bonds themselves has been fully litigated and that this court, in its August 16, 1979 order determined that the cancellation notices were ineffective by reason of their non-compliance with the terms of the bonds. Therefore, Eli Witt asserts that the efficacy of the cancellation notices is res judicata and that Aetna cannot relitigate the matter. Additionally, it is the position of Eli Witt that while the State of Florida was not initially a party to the proceedings which culminated in the entry of the August 16, 1979 order, the State of Florida, as a third party beneficiary of the bond contract, is bound by the August 16, 1979 judicial construction of the contract and, furthermore, that the State of Florida is collaterally estopped to deny the effectiveness of the cancellation notices because Aetna adequately represented the State of Florida's interest in the original proceedings. Aetna asserts that the effectiveness of the cancellation notices has never been litigated by this Court in any proceeding.

This Court having considered the entire record together with the argument of counsel, now finds and concludes the following.

■ First, this Court does not concur with the fundamental premise underlying all of Eli Witt's arguments, i. e. that the August 16, 1979 order determined that the cancellation notices were ineffective by reason of their non-compliance with the terms of the bonds themselves. In asserting that this Court has made such a determination, Eli Witt relies on certain language found on page 15 of the order which recites that the notices did not conform to the cancellation provisions of the bonds. However, this was

a mere recital which is not, and was not meant to be, a determination that the notices were ineffective for failure to conform with contractual provisions of the bonds and there was no such judicial determination in the decretal portion of the August 16th order or the supplemental orders of August 23rd and 24th.

Moreover, it is without dispute that the State of Florida was not a party to the proceedings which lead up to the entry of the order of August 16th or the amended orders entered on August 23rd and 24th. Thus, it is evident that if one assumes that the State of Florida has independent rights under the bonds, its rights could not have been adjudicated without the State of Florida having been given an opportunity to have its day in court, an opportunity to be heard and an opportunity to state its position on the matter. To conclude otherwise, one would be compelled to disregard the most elementary and basic concepts of due process.

This leads to the consideration of the second point urged by Eli Witt which is that the State of Florida is merely a third party beneficiary and, therefore, its rights cannot be greater or different from the rights of the parties directly involved in the contract, i. e. Aetna and Eli Witt in this instance. This Court is constrained to reject this proposition, also, for the following reasons:

■ The contract involved in this controversy is a suretyship. The surety is bound to the obligee, not to the principal, for the payment of a sum of money or for the performance of some duty or promise; the surety is said to be an insurer of the debtor's obligation. 30 Fla.Jur. *Suretyship and Guaranty*, §§ 2, 3. Since the surety contract is made at the same time and jointly with the principal, the surety has a *direct and original* (emphasis supplied) agreement with the creditor. A surety actually lends "credit to aid a principal who has insufficient credit of his own" . . . 72 C.J.S. *Principal and Surety*, § 1. In this case, Aetna is lending its name to Eli Witt by agreeing to joint liability with Eli Witt, so that its principal may obtain the benefit of a discount and deferred payment of its taxes.

■ The principal is the person on whom the primary obligation rests. 72 C.J.S. *Principal and Surety*, § 3. In this case, Eli Witt, as principal, has the primary obligation to pay Florida's tax, but it also benefits from the joint obligation it shares with the surety to the obligee. Pursuant to § 210.05 *Fla.Stat.*, Eli Witt as a stamping agent appointed by the Department receives a discount on the tax stamps it buys, plus it is allowed to purchase them on credit.

■ The "creditor" or "obligee" is the person who may enforce payment or performance by either the principal or surety. 72 C.J.S. *Principal and Surety*, § 4. The creditor or obligee in this case is the State of Florida, which has the right to collect for tax stamps against either Aetna or Eli Witt, jointly and/or severally.

The surety bonds in question are true tripartite agreements. All three parties executed the contract in which two promissors or obligors, Aetna and Eli Witt, jointly and severally promised to pay cigarette stamp taxes to the promisee or obligee, the State of Florida.

This Court is of the opinion that the authority cited by Eli Witt regarding contractor's performance bonds is not analogous to the bond contracts under consideration. *American Surety Co. of New York v. Smith*, 100 Fla. 1012, 130 So. 440 (1930); *Johnson Electric Co. v. Columbia Co.*, 101 Fla. 186, 133 So. 850 (1931); *DiCamillo v. Westinghouse Electric Corp.*, 122 So.2d 499 (Fla.Dist.Ct.App.1960).

■ Performance or payment of bonds posted in conjunction with construction jobs are designed to protect the materialman and suppliers of labor who are not direct contractual parties and have no independent rights under the contract and in an action brought on a contractor's performance bond by a subcontractor, if the parties specifically limited the surety's liability to the obligee, the subcontractor has no right

of action directly against the surety, and the subcontractor is relegated to sue the obligee, i. e. the property owner, who would then have to sue the surety. *National Union Fire Insurance Company v. Westinghouse Supply Company*, 206 So.2d 60 (Fla. 3d D.C.A.1968); *Aetna Insurance Co. v. Estero Manufacturing and Builders Supply, Inc.*, 174 So.2d 747 (Fla. 2d D.C.A.1965).

Having concluded that the effectiveness of cancellation was not heretofore litigated and that, therefore, neither the principle of res judicata nor the principle of collateral estoppel would bar the State of Florida to litigate this issue, this leaves for consideration the ultimate question, which is whether or not the bonds in question were cancelled by Aetna in full compliance with the bonds themselves or whether, as contended by Eli Witt, Aetna did not comply with the terms of the bonds with regards to the cancellation of the bonds and therefore, the bonds were not effectively cancelled. In this connection, it is the contention of the State of Florida that by virtue of the prior course of dealings of Eli Witt with the Department, Eli Witt is now estopped to deny or to challenge the effectiveness of the cancellation notices.

This Court is satisfied that the evidence unequivocally establishes that it is standard custom and practice in this State to send notices of cancellation to the Department despite standard provisions in bonds that such notices shall be sent to the Governor. The evidence further establishes that Eli Witt dealt exclusively with the Department in connection with tax stamps and bonds and that correspondence relating to bond riders and other matters has always been sent to the Department, and Eli Witt has never requested that such correspondence be handled through the Governor's office. In view of this past course of dealing, this Court finds that cancellation was effected according to the standard custom and practice in this State and that Eli Witt is estopped to deny the effectiveness of the notices by virtue of their having been sent to the Department rather than to the Governor.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Reinstate the Preliminary Injunction filed by Eli Witt be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that final judgment be, and the same hereby is entered in favor of the State of Florida and against Eli Witt and the notices of cancellation sent by Aetna to the State of Florida, Department of Business Regulations on July 2nd and 3rd, 1979 be, and the same hereby are, declared to be valid and effective. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing, Reconsideration, and Clarification filed by Eli Witt be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED, AND DECREED that the Motion for Judgment on the Pleadings filed by the State of Florida be, and the same hereby is, denied as moot. It is further

ORDERED, ADJUDGED AND DECREED that the Motion in Limine filed by the State of Florida be, and the same hereby is, denied as moot.