380 So.2d 1066 (1980)
ARGONAUT INSURANCE COMPANY, Appellant,
v.
COMMERCIAL STANDARD INSURANCE COMPANY, Appellee.
No. 79-1188.
District Court of Appeal of Florida, Second District.
February 6, 1980.
Rehearing Denied March 7, 1980.
*1067 Ronald W. Sikes of Welbaum, Zook, Jones & Williams, Orlando, for appellant.
Richard Benjamin Wilkes of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellee.
GRIMES, Chief Judge.
This is an appeal from a final summary judgment in a case in which a contractor's surety unsuccessfully sought recovery from a subcontractor's surety.
According to the record, Pinehurst Associates, a limited partnership, entered into a contract with Peninsular State Builders, Inc., in 1972 under which Peninsular was to construct an apartment complex for Pinehurst. Pursuant to the contract, Peninsular obtained a performance bond from Argonaut Insurance Company. The bond named Peninsular as principal and Pinehurst as obligee.
Peninsular subcontracted the heating, air conditioning and ventilation work on the apartment project to McBroome & Bennett Contractors, Inc. McBroome & Bennett in turn obtained a performance bond from Commercial Standard Insurance Company which named Peninsular as obligee.
In January 1974, Peninsular went into default on its prime contract and was unable to complete the apartment project. Thus in May 1974, Argonaut took over as completing surety to finish work on the apartments. In the meantime, McBroome & Bennett was either unable or refused to complete its subcontract work. Consequently, Argonaut requested that Commercial, as surety for McBroome & Bennett, accept responsibility for the excess costs it claimed were caused by McBroome & Bennett's breach. Commercial refused to do so, and Argonaut brought suit against Commercial. Upon motion, the court granted summary judgment for Commercial, ruling that Argonaut did not have standing to bring suit on the subcontract bond.
The court predicated the summary judgment upon a limiting clause in Commercial's bond which read as follows:
No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein or the heirs, executors, administrators or successors of the Obligee.
The court concluded that Argonaut was neither the obligee nor the heir, executor, administrator or successor of the obligee and was, therefore, without standing to bring this suit.
Generally speaking, an entity has standing to sue when it has such a legitimate interest in a matter as to warrant asking a court to entertain it. General *1068 Development Corp. v. Kirk, 251 So.2d 284 (Fla. 2d DCA 1971). Here, the terms of Argonaut's performance bond required it to complete the construction when Peninsular defaulted. In so doing Argonaut became subrogated to the rights of both its principal (Peninsular) and its obligee (Pinehurst). Travelers Indemnity Co. v. Evans Pipe Co., 432 F.2d 211 (6th Cir.1970); St. Paul Fire & Marine Insurance Co. v. United States, 370 F.2d 870 (5th Cir.1967). Thus, as a consequence of carrying out Peninsular's construction contract with Pinehurst, Argonaut was entitled to assert the claim that McBroome & Bennett had breached its subcontract with Peninsular. U.S. Fidelity & Guaranty Co. v. North American Steel Corp., 335 So.2d 18 (Fla. 2d DCA 1976).
We also hold that the limiting language in Commercial's bond did not preclude Argonaut from making a claim against Commercial because Argonaut occupied the status of a successor to Peninsular, the obligee of Commercial's bond. Florida courts have generally defined a successor as "he that followeth or cometh in another's place" or more recently as one "who follows or takes the place another has left and sustains the like part or character." Beatty v. Ross, 1 Fla. 198, 209 (1847); Albury v. Central and Southern Florida Flood Control District, 99 So.2d 248, 252 (Fla. 3d DCA 1957). Argonaut, as the completing surety for Peninsular fits within these definitions because it stepped into the shoes left by Peninsular and assumed Peninsular's rights and obligations in taking over Peninsular's role as general contractor.[1]See 11 J. Appleman, Insurance Law and Practice, 427-28 (1944). Therefore, Arnonaut, as Peninsular's successor, had a cause of action on Commercial's bond.[2]
Accordingly, the court's award of summary judgment to Commercial was improper. We reverse the final judgment and remand the case for further proceedings.
SCHEB and DANAHY, JJ., concur.
NOTES
[1] Commercial suggests that we should give a very narrow construction to the word successor, which would limit it to situations involving successor corporations. We do not believe that so narrow a construction is called for in this context. As far as we can determine, the reason that bonds like the one involved here contain such a clause is to attempt to protect the surety from the claims of its principal's subcontractors and materialmen as third party beneficiaries under the bond. See National Union Fire Ins. Co. v. Westinghouse Elec. Supply Co., 206 So.2d 60 (Fla. 3d DCA 1966); American Fire and Cas. Co. v. Charles Sales Corp., 203 So.2d 670 (Fla. 4th DCA 1967); Aetna Ins. Co. v. Estero Mfg. and Builders Supply, Inc., 174 So.2d 747 (Fla. 2d DCA 1965).
[2] In view of our disposition of the case, we need not determine the validity or effect of purported assignments of the construction contract made by Peninsular to Pinehurst and Pinehurst to Argonaut.