WENTWORTH, Judge.
This appeal is from a final judgment entered against appellant Aetna following a jury trial. The Crabtrees brought suit, contending they are third party creditor beneficiaries of a performance and payment bond written by Aetna. We reverse based upon our finding that the trial court erred in striking Aetna’s evidence of the settlement of a prior suit brought against it by the named owner-obligee of the bond, and remand to the trial court for reconsideration of Aetna’s motion for directed verdict.
The Crabtrees, as fee simple owners of an office building in downtown Jacksonville, entered into a lease agreement dated February 2,1972, with Blackstone Developers, a partnership. Under this lease Blackstone Developers agreed to raze the existing structure and to construct a condominium office building on the Crabtrees’ property. Blackstone Developers leased the Crabtrees’ property for the period necessary to raze the old building and to construct the new building and for a period of 99 years after the completion of the new building. Mr. Crabtree was a partner in Blackstone Developers, but Mrs. Crabtree was not.
Blackstone Developers entered, into an agreement for the construction of the proposed building with Wiggs & Maale Construction Co., Inc. Wiggs & Maale furnished Blackstone Developers a performance and payment bond issued by Aetna as surety with Wiggs & Maale as principal. Blackstone Developers was the named owner-obligee of the bond. The appellees were not named obligees in the bond. Wiggs & Maale defaulted by not completing construction on schedule. In 1975 the partners of Blackstone Developers (including Mr. Crabtree), individually and doing business as Blackstone Developers, brought suit against Aetna seeking damages under the performance and payment bond occasioned by the delay in the completion of the building. That 1975 suit was terminated by final judgment entered pursuant to an offer of judgment by Aetna and acceptance thereof by Blackstone Developers.
The present action was filed by the Crab-trees in 1977, seeking damages under the performance and payment bond for delay in completion of the building. Appellees alleged they were either owners-obligees under the bond or third party creditor benefi- *659 eiaries thereof. Appellant has not appealed the trial court’s ruling that as a matter of law the appellees are not owners-obligees under the bond, and that determination must therefore be respected as the law of the case.
Appellant frames the three following points on appeal:
1. The court erred in not determining, as a matter of law, that plaintiffs were not entitled to recover as third party beneficiaries of the surety bond.
2. The trial court erred in striking from the evidence defendant’s composite exhibit 3 (the evidence of the 1975 litigation), and failing to hold that the final judgment prohibited appel-lees’ recovery as a matter of law.
3. The court erred in not setting aside the jury's verdict in respect to damages.
As to point 1, we find no showing of reversible error in rejection of appellant’s contention. The intent of the parties to the payment and performance bond determined whether appellees were entitled to maintain an action as third party creditor beneficiaries of the bond, based on its terms and evidence of related transactions between the parties.
We reverse as to point 2. Appellant affirmatively pled that the 1975 litigation was a discharge of its obligations under the payment and performance bond. The trial court struck the evidence of the 1975 litigation on the grounds that it had not proven the affirmative defense of res judicata. While that evidence was properly excluded as insufficient proof on the issue of res judicata, the evidence should have been admitted as proof of the defense of discharge. The doctrine is stated by Restatement of Contracts, § 143:
A discharge of the promisor by the prom-isee in a contract or a variation thereof is effective against a creditor beneficiary if
(a) the creditor beneficiary does not bring suit upon the promise or otherwise materially change his position in reliance thereon before he knows of the discharge or . variation, and
(b) the promisee’s action is not a fraud on creditors.
The trial court ruled on the appellant’s motion for directed verdict without benefit of the evidence of the 1975 litigation. The cause is remanded for reconsideration of appellant’s motion for directed verdict in light of that evidence. In the event the court denies appellant’s motion for directed verdict, a new trial will be required because the jury is entitled to consider such evidence.
Point 3 has been mooted by our disposition of the evidentiary issue. However, in the event there is a new trial, we note that appellees’ damages, if any, are derivative. The derivative nature of those damages precludes recovery for loss of the rentals over the life of the lease and the rever-sionary interest in the fee.
The order is accordingly reversed and the cause remanded for proceedings consistent herewith.
ERVIN and SHAW, JJ., concur.