438 So.2d 102 (1983)
A.M. CRABTREE, Jr. and Harriett S. Crabtree, Appellants,
v.
AETNA CASUALTY AND SURETY COMPANY, Appellee.
No. AO-202.
District Court of Appeal of Florida, First District.
September 9, 1983.
Rehearing Denied October 13, 1983.
*104 Ellis E. Neder, Jr., P.A., Jacksonville, for appellants.
Charles T. Wells, of Wells, Gattis, Hallowes & Holbrook, P.A., Orlando, for appellee.
ERVIN, Chief Judge.
A.M. Crabtree, Jr. and Harriet Crabtree (the Crabtrees) appeal a final judgment of the trial court in favor of Aetna Casualty & Surety Company (Aetna) in an action to recover damages from Aetna as surety on a performance and payment bond. This cause was previously before this court and we remanded by an opinion, gratuitously including language, admittedly imprecise or unclear, concerning damages, upon which the trial court later relied in entering the final judgment appealed. Since the final judgment erroneously relied on dicta in our earlier opinion, we reverse.
In 1971, the Crabtrees, interested in constructing an office building on a tract of land they owned in fee simple in Jacksonville, executed an agreement for architectural services, as well as for a mortgage commitment in the amount of $2,650,000 to finance the construction. Thereafter, A.M. Crabtree, Jr. became a member of a partnership known as Blackstone Developers, and subsequently leased the tract of land to Blackstone for the period of time required for the partnership to construct an office building on the Crabtrees' property, plus an additional term of 99 years. As owner, Blackstone Developers then entered into an agreement with a contractor for the construction of a ten-story office building at a cost of $1,680,015. A performance and payment bond was issued by Aetna, as surety, to Blackstone Developers and the lender, as obligees, to secure performance under the construction agreement of the contractor, principal or obligor under the bond, in the amount of $1,680,015.
In 1975, the partners of Blackstone Developers (including A.M. Crabtree, Jr.), individually and doing business as Blackstone Developers, brought suit against Aetna to recover damages under the performance and payment bond resulting from the contractor's failure to complete construction on schedule. The suit was terminated by a final judgment for $130,000, entered against Aetna pursuant to the plaintiffs' acceptance of Aetna's offer of judgment. The Crabtrees individually filed suit against Aetna in 1977, also seeking damages under the performance and payment bond for delay in completion of the building. A final judgment upon a jury verdict was entered, awarding $200,000 damages to the Crabtrees, from which Aetna appealed to this court in Aetna Casualty & Surety Co. v. Crabtree, 383 So.2d 657 (Fla. 1st DCA 1980). We reversed upon finding that the trial court erred in striking Aetna's evidence of the 1975 litigation which we determined should have been admitted as proof of its defense of discharge. We remanded for reconsideration of Aetna's motion for directed verdict in light of the evidence of the 1975 litigation, stating that in the event the trial court denied Aetna's motion for directed verdict, a new trial would be required. In Aetna, we went on to state that "in the event there is a new trial, we note appellee's damages, if any, are derivative ... *105 [and] [t]he derivative nature of those damages precludes recovery for loss of the rentals over the life of the lease and the reversionary interest in the fee." Id. at 659 (e.s.). On remand, Aetna's motion for directed verdict was denied and a new trial was ordered by the trial court. Upon observing that all damages claimed by the Crabtrees were "direct" rather than "derivative," the trial court entered a final judgment without a trial, concluding that our statement in Aetna that "the ... [Crabtree's] damages, if any, are derivative", precluded the Crabtrees from recovering any of the damages alleged. We do not agree that the trial court's conclusion was necessarily required by our statement, which was dicta in Aetna, and therefore reverse and remand for a new trial.
Initially, we respect as the law of the case,[1] based on our rulings in Aetna, that the Crabtrees are not owners-obligees under the surety bond, but are rather the intended third party beneficiaries of the contract. It is necessary, first, to focus upon the respective rights and obligations of the Crabtrees and the surety.
A general principle of suretyship is that the liability of the surety is ordinarily measured by, and coextensive with, the liability of the principal or obligor, 28 Fla. Jur.2d, Guaranty and Suretyship s. 42, p. 274 (1981). Consequently, Aetna's liability should be measured by the liability of the contractor who is the principal or obligor under the bond. The contractor's liability is defined by the construction contract entered into with Blackstone Developers, providing for construction within 240 days of a ten-story office building at a cost of $1,680,015.
A bond is a contract subject to the general law of contracts. A surety on a bond does not undertake to do more than that expressed in the bond, and has the right to stand upon the strict terms of the obligation as to his liability thereon. 7 Fla. Jur.2d Bonds s. 14, p. 171 (1981). Generally, the owner-obligee named in a bond may maintain an action thereon, and the owner-obligee's right to recover is dependent upon the terms of the bond and the ability to establish that damages were suffered under such terms. The general rule regarding third-party contracts is that a third person for whose benefit a contract has been made may maintain an action thereon and it is the undertaking of the promisor as a consideration to the promisee to benefit the third person that gives rise to a cause of action by the beneficiary against the promisor. 11 Fla.Jur.2d Contracts s. 153, p. 457 (1981). If a contract shows its clear intent and purpose to be a direct and substantial benefit to third parties, such third parties may maintain an action for its breach, and where a contract creates a right or imposes a duty in favor of a third person, the law presumes that the parties intended to confer a benefit upon him and furnish him a remedy. 11 Fla.Jur.2d at p. 459.
We recognize that there is authority for a third party to recover on a surety bond intended for his benefit as well as for the benefit of the formal parties thereto. See, e.g., American Surety Co. of New York v. Smith, 100 Fla. 1012, 130 So. 440 (1930); Johnson Electric Co. v. Columbia Casualty Co., 101 Fla. 186, 133 So. 850 (1931). But see Dekle v. Valrico Sandstone Co., 74 Fla. 346, 77 So. 95 (1917). A third party beneficiary's right of action on the promise cannot, however, rise higher than the rights of the contracting party through whom he claims. 11 Fla.Jur.2d at p. 462. Accordingly, the Crabtrees' right to recover damages from Aetna cannot extend beyond Blackstone Developers' entitlement to damages, and in this sense theirs is a derivative right. As "[t]he doctrine of the law of the case is limited to rulings on questions of law actually presented and considered on a former *106 appeal...", see U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla. 1983), our statement, unnecessary to the holding in Aetna that the Crabtrees' damages, if any, are derivative, amounted to dicta. The law of the case established in Aetna is that evidence of the 1975 litigation should have been admitted in regard to Aetna's defense of discharge.[2] 383 So.2d at 659. In the 1975 action against Aetna, Blackstone Developers sought the following damages for breach of the surety bond contract pursuant to the contractor's delay in completing construction of the office building: additional interest costs of the construction loan, lost rentals, lost profits, and attorney's fees and costs. Those claims were settled by the acceptance of Aetna's offer of judgment for $130,000 by Blackstone Developers thereby terminating the 1975 litigation.
The Crabtrees may now be entitled to damages, if at all, only to the extent that Blackstone Developers could have recovered such damages from Aetna and only to the extent that Blackstone's 1975 settlement did not operate to discharge the Crabtrees' individual claims along with those of the partnership. The damages which the Crabtrees' may clearly not recover are, as stated in our prior opinion, rentals over the life of the lease and the reversionary interest in the fee. Blackstone's entitlement to damages under the surety bond stemmed from the construction contract requiring the completion of a ten-story office building within a 240-day period. The completion of the building was delayed, as a result of which Blackstone Developers recovered $130,000 pursuant to Aetna's offer of judgment. The Crabtrees likewise had an interest in completion of the building as part of a lease arrangement with Blackstone Developers, and as third party beneficiaries under the surety bond.
Once again, as we previously directed in Aetna, we remand this case to the trial court for reconsideration of Aetna's motion for directed verdict in light of the evidence relating to the issue of discharge, and, if the motion is denied, direct that a new trial be held for the purpose of the jury's consideration of such evidence.
Reversed and remanded for further consistent proceedings.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] See Wolf Ridge Plastics, Inc. v. Jacksonville Electric Authority, 388 So.2d 1298 (Fla. 1st DCA 1980) ("[W]hatever is once established, on appeal, between the same parties in the same case continues to be the law of the case, whether correct on general principles or not, so long as the facts on which such decision was predicated continue to be the facts in the case.")
[2] The doctrine of discharge set forth in Restatement of Contracts, s. 143, p. 169 (1932), provides:

A discharge of the promisor by the promisee in a contract or a variation thereof is effective against a creditor beneficiary if (a) the creditor beneficiary does not bring suit upon the promise or otherwise materially change his position in reliance thereon before he knows of the discharge or variation, and (b) the promisee's action is not a fraud on creditors.