480 So.2d 239 (1985)
BEACH POINT CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
BEACH POINT CORPORATION, a Florida Corporation, H.J. Ross Associates, Inc., Etc., H.S. Hicks Construction Company of Palm Beach, Etc., and the Lawrence Group Chartered Architects & Planners, Inc., Etc., et al., Appellees.
No. 84-2562.
District Court of Appeal of Florida, Fourth District.
December 31, 1985.
*240 Vladimir R. Martinez and Richard L. Martens of Boose, Cicklin, Martens & Lubitz, West Palm Beach, for appellant.
Larry Klein of Klein & Beranek, P.A. and Easley Massa & Willits, West Palm Beach, for appellees.
PER CURIAM.
We affirm the decision of the trial court holding that a condominium association was not a third party beneficiary on a payment and performance bond secured by the general contractor in favor of the original owner-developer of the condominium. American Surety Company of New York v. Smith, 100 Fla. 1012, 130 So. 440 (1930). Although the association's creation may have been foreseen, it appears that the association was not even in existence at the time the construction contract was executed and the bond secured. Under these circumstances, and the unambiguous provisions of the bond, we fail to see any basis for a claim that it is manifest from the terms of the bond that the parties intended to benefit the association.
ANSTEAD and DELL, JJ., concur.
WALDEN, J., dissents with opinion.
WALDEN, Judge, dissenting:
In my opinion the dismissal of appellant's complaint was premature. I would reverse and remand for a determination of the intent of the parties, i.e., whether or not appellant was a third party beneficiary on the payment and performance bond, this being a mixed question of fact and law. Moreover, it is to be noted that construction was not completed at the time appellant took over from the developer which fact creates the anomoly that the appellant is the only aggrieved party. If it cannot sue, then the bond is a nullity. I would reverse upon authority of Crabtree v. Aetna Casualty & Surety Company v. Crabtree, 383 So.2d 657 (Fla. 1st DCA 1983).