504 So.2d 385 (1987)
OSCEOLA County, Petitioner,
v.
ST. JOHNS RIVER WATER MANAGEMENT DISTRICT, Respondent.
No. 68791.
Supreme Court of Florida.
February 26, 1987.
Rehearing Denied April 15, 1987.
*386 Neal D. Bowen, Osceola County Atty., Kissimmee, and William L. Earl and Thomas T. Ankersen of Peeples, Earl & Blank, P.A., Miami, for petitioner.
Vance W. Kidder, Palatka, for respondent.
Irvin S. Cowie, Co. Atty., and Mark F. Carpanini and Mary Elizabeth Harlan, Asst. Co. Attys., Bartow, for Polk County, amicus curiae.
Edward B. Helvenston, Asst. Co. Atty., New Port Richey, for Pasco County, amicus curiae.
Stephen P. Lee, Co. Atty., Ocala, for Marion County, amicus curiae.
William E. Curphey, Co. Atty., Melbourne, and Andrew A. Graham and Marjorie E. Smith of Reinman, Harrell, Silberhorn, Moule & Graham, P.A., Melbourne, for Brevard County, amicus curiae.
Edward M. Chew and Edward P. de la Parte, Jr. of de la Parte, Gilbert and Gramovot, P.A., Tampa, for West Coast Regional Water Supply Authority, amicus curiae.
Clifton A. McClelland of Potter, McClelland, Griffith, Jones & Marks, P.A., Melbourne, for South Brevard Water Authority, amicus curiae.
Carol A. Forthman, Asst. Gen. Counsel, Tallahassee, for State of Florida Dept. of Environmental Regulation, amicus curiae.
ADKINS, Judge (Retired).
In Osceola County v. St. Johns River Water Management District, 486 So.2d 616 (Fla. 5th DCA 1986), the Fifth District found the Department of Environmental Regulation (DER) statutorily empowered to allow the transfer of waters between water management districts. We granted review based on apparent conflict with our decision of Askew v. Cross Key Waterways, 372 So.2d 913 (Fla. 1978). Art. V, § 3(b)(3), Fla. Const. We now approve the opinion under review, finding the plan under attack amply authorized by both specific and implied statutory authority.
Prior to examining the facts of the dispute culminating in this appeal, it may be helpful to set out the statutory background against which the instant questions of law are to be resolved. In 1972, Florida's legislature broke from the common law and enacted chapter 373, the "Florida Water Resources Act of 1972" (the Act), in order to implement a statewide and comprehensive administrative system of regulation, resource protection, and water use permitting. Under the Act, the DER and five water management districts are charged with the responsibility of protecting and conserving Florida's precious water resources. Although the DER is vested with broad authority over programs affecting these water resources, the legislature has encouraged delegation of appropriate powers to the five districts. See, e.g., section 373.016(3), Fla. Stat. (1985).
The administrative power at issue in the instant case involves the permitting of consumptive uses of water. Section 373.219(1) *387 provides that the DER or the governing board of any district may require such permits in order to ensure that the potential use is consistent with the overall objectives of the plan and is not harmful to the water resources of the area. Section 373.223 sets out the conditions for the issuance of such a permit. The DER has delegated to the water management districts the authority to consider and issue such permits pursuant to sections 373.103 and 373.217 of the Act.
In this case, Brevard County, through the South Brevard Water Authority, applied to the St. Johns River Water Management District (St. Johns) for a consumptive use permit which would authorize the use, in Brevard County, of water to be drawn from the Holopaw region of Osceola County. Brevard County is completely within the St. Johns District. The problem here arose from the fact that the desired water source, in Osceola County, lay in the South Florida Water Management District (South Florida). Before St. Johns could hold a hearing on the application, but after its staff had recommended denial of the application, petitioner Osceola county sought in the Fifth District Court of Appeal a writ of prohibition to keep St. Johns from considering the application. Petitioner contended that St. Johns, as an individual water management district, lacked jurisdiction under the Act to consider a consumptive use permit relating to water to be diverted from outside its boundaries.
We concur in the district court's conclusion that the DER properly exercised its statutory authority in implementing administrative guidelines for the districts to follow in effecting inter-district transfers of water. Rule 17-40.05, Florida Administrative Code, the rule in question, provides that:
The following shall apply to the transfers of water where such transfers are regulated pursuant to Part II of Chapter 373, Florida Statutes:
(1) The transport or use of water across District boundaries shall require approval of each involved District.
(2) In deciding whether the transport and use of water across District boundaries is consistent with the public interest pursuant to Section 373.223, Florida Statutes, the Districts should consider the extent to which:
(a) Comprehensive water conservation and reuse programs are implemented and enforced in the area of need;
(b) The major costs, benefits, and environmental impacts have been adequately determined including the impact on both the supplying and receiving areas;
(c) The transport is an environmentally and economically acceptable method to supply water for the given purpose;
(d) The present and projected water needs of the supplying area are reasonably determined and can be satisfied even if the transport takes place;
(e) The transport plan incorporates a regional approach to water supply and distribution including, where appropriate, plans for eventual interconnection of water supply sources; and
(f) The transport is otherwise consistent with the public interest based upon evidence presented.
An examination of the statutory mosaic setting forth the districts' and DER's respective powers should begin, we believe, with the following statements of legislative intent. The "[d]eclaration of policy" contained in section 373.016(3) states that:
The Legislature recognizes that the water resource problems of the state vary from region to region, both in magnitude and complexity. It is therefore the intent of the Legislature to vest in the Department of Environmental Regulation or its successor agency the power and responsibility to accomplish the conservation, protection, management, and control of the waters of the state and with sufficient flexibility and discretion to accomplish these ends through delegation of appropriate powers to the various water management districts. The department may exercise any power herein authorized to be exercised by a water management district; however, to the greatest extent practicable, such power should be delegated to the governing board of a water management district.
*388 Similarly, section 373.6161 provides that "[t]his chapter shall be construed liberally for effectuating the purposes described herein, and the procedure herein prescribed shall be followed and applied with such latitude consistent with the intent thereof as shall best meet the requirements or necessities therefor."
Petitioner bases its argument on the absence of specific language authorizing transfers between districts in section 373.223(2):
The governing board or the department may authorize the holder of a use permit to transport and use ground or surface water beyond overlying land, across county boundaries, or outside the watershed from which it is taken if the governing board or department determines that such transport and use is consistent with the public interest, and no local government shall adopt or enforce any law, ordinance, rule, regulation, or order to the contrary.
We find such a contention unpersuasive. The spirit of the statute, which allows transfers of water not only "beyond overlying land," and "across county boundaries," but also from "outside the watershed from which [the water] is taken," is broad, generous and in keeping with the legislature's expressed intent to foster a cooperative and effective interaction between the various districts and the DER in order to put to the most beneficial use possible the entirety of the state's water resources. As aptly noted by the district court below, "[n]othing in the Water Resources Act indicates a legislative intent that water management districts operate solely as independent provinces, without regard for statewide concerns... . Political boundaries are artificial divisions that may and sometimes should be transcended when planning for the most beneficial use of our state's water resources." 486 So.2d at 619.
Petitioner contends that the administrative rule, if allowed to stand, will result in anarchy among the districts and the possible depletion of some districts' water resources by overly thirsty neighboring districts. We find no cause for concern, as the rule in question calls for due study and deliberation, as well as the consent of each district involved, prior to allowing a transfer. In spite of petitioner's concerns in this cause, for instance, waters may not be taken from Osceola County until such time as both the St. Johns and South Florida Water Management Districts have studied the problem and determined that such a transfer would meet all statutory criteria, including being "consistent with the public interest." § 373.223(1)(c), Fla. Stat. (1985).
Osceola County, while indeed a separate political entity, draws its lifeblood from the same watersheds and aquifers which unify in common need the remaining portions of the state. While it now complains of the potential taking of its waters, it is not inconceivable that it may one day itself need a transfusion of waters from another district. We believe that the legislature has foreseen this, and has statutorily empowered DER and the districts to work together for the common good on a problem of statewide concern.
We therefore approve the decision of the Fifth District Court of Appeal and affirm the denial of the writ of prohibition. St. Johns may proceed in considering the application for a consumptive use permit which has been filed by the South Brevard Water Authority.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.