PER CURIAM.
The City of Sunrise appeals the final order of the South Florida Water Management District granting a consumptive use permit for withdrawing water from the Floridian Aquifer for Indian Trace Community Development District’s[1] public water system. Sunrise currently provides potable water to the area of unincorporated Broward County that includes Indian Trace from the Biscayne aquifer. Sunrise provides the facilities, the infrastructure, and the staff to deliver water to its customers, and, as a result, has substantial bond obligations that the revenue therefrom is pledged to pay.
Indian Trace applied to the district for a water use permit to obtain water from a different water source, the Floridian Aquifer. The staff report of the District recommended approving the application. Sunrise opposed Indian Trace’s application and petitioned the District for formal proceedings and full party status. Both the District and Indian Trace challenged Sunrise’s request for standing. After argument, the hearing officer concluded that Sunrise lacked standing. The District adopted the findings of the hearing officer that Sunrise failed to show a substantial interest within the zone of protection of section 373.223, Florida Statutes, the permitting statute. Sometime during this period, Sunrise filed a lawsuit in circuit court arguing the same issues.
Sunrise alleges that it has standing because the proposed permit would result in duplication of facilities and service thereby increasing rates to all customers, including those of Indian Trace. The Administrative Procedure Act confers standing upon persons whose substantial interest will be affected by the proposed action. Chap. 120, Fla.Stat. Standing requires a showing that a substantial injury of a sufficient immediacy exists and also that the type of proceeding is designed to protect against such an injury. Town of Palm Beach v. Dep’t of Nat. Res., 577 So.2d 1383 (Fla. 4th DCA 1991). The Appellant failed to satisfy both elements of this test. While Sunrise may suffer losses and its customers incur expenses due to economic competition and under utilized capacity, this does not satisfy the “immediacy” requirement. Competitive economic considerations do not fall within the zone of protection that the district is authorized to consider under Chapter 373, Florida Statutes. The permitting process contemplates addressing the problems of water supply, not economic injuries.
*748 It is undisputed that Sunrise’s only arguments are economic. Its claims were unrelated to the consumptive use permit for the Floridian Aquifer. The city makes no effort to establish a substantial environmental interest that might be affected by the District granting the consumptive use permit to Indian Trace. The cost to the customer is not a proper basis for granting standing. That is not to say that the city has no remedy for its claims. The Appellant recognizes that outside of this permitting process, the circuit court has jurisdiction to hear Sunrise’s arguments of duplication of facilities and economic injury to the public.
We have considered Osceola County v. St. Johns River Water Management District, 486 So.2d 616 (Fla. 5th DCA 1986), aff'd, 504 So.2d 385 (Fla.1987), and find it inapposite. While we only address the arguments furnished by Sunrise, we do not decide in advance whether standing depends on status and not the argument put forth.
STONE and WARNER, JJ., and ROSS, DALE, Associate Judge, concur.

. Indian Trace Community Development District is the public body authorized to provide water to the community of Weston.